PHILLIPS & LANSING v. WATERHOUSE.

1. **Nuisance**: RAIN-WATER FROM BUILDING IN CITY: OVERFLOWING LOT BELOW GRADE. The owner of a lot in a city has a right to so improve it as to cast the rain-water falling upon it on the adjacent street or alley at the established grade; and he will not be liable for damages caused by the flowing of such water upon a neighboring lot which is below grade.

*Appeal from Superior Court of Cedar Rapids.*

FRIDAY, JUNE 18.

ACTION to recover damages for causing water to flow on the premises of the plaintiffs, thereby causing a nuisance. Trial to the court, judgment for the plaintiffs, and defendant appeals.

*Blake & Hormel*, for appellant.

*A. R. West* and *Smith & Powell*, for appellees.

SEEVERS, J.—There is no dispute as to the facts. The plaintiffs are the owners of a lot on which is situate the Pullman House, in block 23, in Cedar Rapids. The block, or rather half block, is bounded by First avenue, Third and Fourth streets, and an alley which runs parallel with the avenue. The defendant owns a lot in the same block, situate at the corner of the avenue and Third street, and it is bounded in the rear by the alley. The defendant, in 1878, erected on

his lot the Grand Hotel, which fronts on the avenue and Third street. The building is 80 by 140 feet, and occupies all the ground belonging to the defendant. The building is so constructed that all the water falling thereon is discharged by pipes or spouting on the alley in the rear of the building, and from thence it flows along the alley for a short distance, and then a large portion of it, at least, flows over intervening lots, to the premises of the plaintiffs, and thereby the nuisance is caused. The plaintiff's premises are lower than the premises of the defendant. The distance between them is 160 feet, and there is a descent from Fourth street, which continues past plaintiff's premises, and then there is an ascent before the defendant's premises are reached. The rear portion of the plaintiffs' lot is from four to five feet lower than First avenue, and is from two to three feet lower than the grade of the alley. A portion of the alley has been filled up to grade. The evidence fails to show whether the water discharged from the defendant's building would or would not flow on the plaintiffs' lot if it had been filled up to the grade of the alley. The defendant's building could have been constructed so that the water could have been discharged on Third street. All the lots on the half block have buildings thereon, but the whole ground is not thus occupied.

Under the foregoing facts, are the plaintiffs entitled to recover? is the question we are required to determine. The defendant had the undoubted right to erect a building covering his whole lot. Water falling thereon must be discharged therefrom, and, subject only to municipal control, the defendant had the right to discharge such water on the street or alley. He had precisely the same right in this respect as he had the right to walk on the street or alley. He had the further right to so construct the building as to cause the water to flow and be discharged at one or more places. Of necessity this must be so. It is well settled by authority, we think, that no one can divert a stream of water to the prejudice of another, nor can he collect surface water into a reser-

voir or stream, and precipitate it onto the premises of another. *Fletcher v. Rylands*, L. R. I. Exch., 265; *McCormick v. Kansas City, St. J. & C. B. R. Co.*, 70 Mo., 359; *Noonan v. The City of Albany*, 79 N. Y., 470; *Livingston v. McDonald*, 21 Iowa, 160.

It is equally clear, we think, that an owner of a lot in a city has the right to improve it in such manner as he deems proper, either by changing the surface or the erection of buildings, and such right is in no respect modified by the fact that his own land is so situated with reference to that of adjoining owners that the mode of improvement adopted will cause water which may accumulate thereon by rains to flow over the lands of others in greater quantities, or in other directions, than they were accustomed to flow. *Gannon v. Hargadon*, 10 Allen, 106. The same rule applies to a city, when grading streets. *Wilson v. Mayor*, 1 Denio, 595; *Lynch v. Mayor*, 76 N. Y., 60; *Freburg v. Davenport*, 63 Iowa, 119; *Morris v. Council Bluffs*, 67 Id., 343.

In the construction of his building it was the right, if not the duty, of defendant to construct it with reference to the established grade of the streets and alleys, and it will be presumed that he did so, as there is no evidence to the contrary. We understand that the alley where the water fell on it had been raised to grade, and we have no hesitation in affirming the right of the defendant to discharge the water which fell on his building at the place he did, in the absence of any regulation of the municipality directing otherwise. The plaintiffs' premises were below grade. As between him and the city he was required, in order to protect himself from the accumulation of surface water, to raise the level of his lot. The same principle must obtain between the parties to the action. No more water fell on the building than would have fallen on the ground on which it stood. The defendant did nothing to accumulate the water. At most, by the improvement of his lot, he changed the direction of the water falling on his own premises, and he caused this water to be dis-

charged in the alley at grade. This, we think, he had the right to do. The escape of the water from the alley at grade, to the injury of the plaintiffs, was due to the fact that their premises were below grade. The defendant was not bound, in the absence of municipal direction, to so construct his building as to cause the water to be discharged on Third street, nor was he bound to construct a sewer or drain to carry off the water which fell on his building. *Vanderwiele v. Taylor*, 65 N. Y., 341. The defendant did not precipitate the water on the plaintiffs' premises, but on the alley, and, for the purposes of this case, we must assume that, if plaintiffs' lot had been raised to grade, no water from the alley would have escaped therefrom to their injury. The court, therefore, erred in rendering judgment for the plaintiffs.

REVERSED.