# Hall *v.* Rising.

*Action to recover Damages for Injury by Water.*

1. *Easement for flow of waters from upper lands upon lower; application under artificial conditions.*—The rule which in general makes land legally subservient to the natural flowage of surface water does not apply under the artificial conditions created by the building of cities and the improvement of city lots.

2. *Same; same; case at bar.*—A defendant is not liable to plaintiff in damages for injury caused to plaintiff's property and business by reason of water overflowing into plaintiff's basement, due to the filling in by defendant of defendant's lot, into which, under the former conditions, the water would have flowed, such filling in being by direction of the city authorities or in the proper exercise of his right.

APPEAL from the Circuit Court of Jefferson.

Heard before the Hon. A. A. COLEMAN.

This action was brought by the appellant, A. J. Hall, against the appellees, Peter Rising and Chichester, Yancey & Orr. Chichester, Yancey & Orr were real estate firm, and were the rental agents for Peter Rising, and directed the filling up of the lot owned by said Peter Rising. The purpose of the suit and the facts of the case are sufficiently stated in the opinion.

The cause was tried by the court without the intervention of a jury; and upon the introduction of all the evidence, the court rendered a judgment in favor of the defendant.

The plaintiff appeals and assigns the rendition of judgment as error.

.B. M. ALLEN, for appellant.—The upper tract of land has a natural easement in the lower for the discharge of water falling or accumulating on the surface from natural causes.—*Nininger v. Norwood*, 72 Ala. 277, 3d h. n.

The burden rests upon the lower land to receive from the higher the water which flows therefrom naturally. *Crabtree v. Baker*, 75 Ala. 94.

Where two city lots adjoin, the lower lot owes the servitude to the higher to receive the waters which naturally run from it, provided the owner of the latter has done no act to increase such flow by artificial means. *Goldsmith v. Elsas*, 53 Ga. 186.

CABANISS & WEAKLEY, *contra.*—Plaintiff's loss was due to unprecedented downpour of rain and failure of city to provide proper drain. For neither of these causes was defendant responsible. Defendant's lot was properly filled. There is not a natural flow of water in a city over a sidewalk and curbing.

SHARPE, J.—This action is to recover for damage by water to property which in the first and second counts of the complaint is attributed to negligence of defendants in stopping a drain pipe, and in the third count to negligence or wrong on their part in filling a city lot owned by the defendant Rising. The trial was without a jury, and apparently without dispute as to facts.

Plaintiff occupied the basement of the Eagle Hotel which stands at the west end of the south half of block 81 in Birmingham and corners on 2d avenue and 24th street. Adjoining the east side of the hotel was low land fronting on the north side of 2d avenue, extending · back to an alley and comprising lots, the first of which from the hotel, was owned by Hooser, the second by Lynch and the third by defendant Rising and the fourth by Richards. For fifteen years next before the occurrence in question 2d avenue had been so graded as to be six or eight feet higher than the lots mentioned and so as to have a depression opposite those lots. The alley

[Hall v. Rising.]

had been graded so as to be higher than the lots though lower than the avenue. Before the grading water would flow across 2d avenue towards and over what is now block 81 and thereafter for a time it flowed through a pipe under the surface of the avenue and upon the lot of Rising and that of Richards. Before the filling of defendant's lot this pipe had been closed and had ceased to serve or be of use for carrying water; and Lynch's lot, which was between Rising's lot and the hotel, had been filled to the grade of the avenue and alley. About June 1, 1900, defendants Chichester, Young & Orr, who are agents for Rising, were directed by the city authorities to have his lot raised to grade, and thereupon they had the same filled so as to properly conform to the grade of the avenue and alley and so that the lot surface was made to incline downward from avenue to alley. Subsequently and before the injury complained of Richard's lot had in a similar way been raised to grade. Thereafter, on October 22, 1900, an unusually heavy rainfall occurred with the result that the surface water flowing on 2d avenue passed over the sidewalk opposite the lots of Lynch, Rising and Richards, and spread from them to the lot of Hooser and therefrom to the hotel basement and damaged plaintiff's property.

The facts do not tend to show that the stoppage of the drain pipe was caused by the filling of Rising's lot or by any other act of the defendants. Rising was under no duty to perpetually maintain his lot as a receptacle or conduit for flowage from the street. If the directions of the city authorities did not place him under the duty of filling the lot, yet the filling of it in the manner and under the circumstances disclosed by the evidence did not involve any wrong or liability to the plaintiff. The rule adopted in this State from the civil law, which in general makes land legally subservient to the natural flowage of surface water, does not apply under the artificial conditions created by the building of cities and the improvement of city lots. Such inapplication has been recognized in cases wherein the court has affirmed the rule referred to.—*Farris & McCurdy v. Dudley*, 78 Ala. 124; *Crabtree v. Baker*, 75 Ala. 94; *Nininger v. Norwood*, 72 Ala. 277. See also Gould on

28

Waters, § 277; *Sentner v. Tees,* 132 Pa. St. 216; *Phillips v. Waterhouse,* 69 Iowa, 199.

Affirmed.