# Atlantic Coast Line R. R. Co. *v.* Woolfolk.

*Bill to Require Opening of Sewer.*

(Decided November 7, 1914.66 South. 464.)

*Water and Watercourses; Surface Water; Lower Proprietor; Sewer Stoppage.*—Where a complainant filed a bill against the railroad company for diverting the natural flow of surface water, and turning the same into sewers which had not been previously used for such purpose, resulting in the flooding of complainant's adjoining land, which alleged that respondent opened a hole in another sewer, thereby causing water to flow on complainant's land, but failing to negative the fact that the water flowed on the railroad company's property because the city failed to keep open one or more of its sewers, and that respondent, to rid itself of such water, opened a hole in one of its own sewers, and that the city rather than the respondent railroad company was the party at fault, the bill was insufficient to sustain a judgment for complainant.

APPEAL from Montgomery City Court.

Heard before Hon. GASTON GUNTER.

Bill by Robert Woolfolk against the Atlantic Coast Line Railroad Company to require the opening of certain sewers, to enjoin the overflow of complainant's land, and for other relief. Decree for complainant and respondent appeals. Reversed and remanded.

JOHN R. TYSON, and T. H. SEAY, for appellant.

ROQUEMORE & GRAHAM, for appellee.

DE GRAFFENRIED, J.—In this case, on the former appeal (see *Atlantic Coast Line R. Co. v. Woolfolk,* 178 Ala. 190, 59 South. 633), this court held that the bill of complaint was subject to demurrer. There is nothing in the bill as amended which shows that it is the duty of the railroad company to keep open the sewer which is described in the bill as amended, and which sewer, if the allegations of the bill as amended are true, is the real cause of the flow of water on the complainant's land. The sewer may be the property of the city of Montgomery, and upon the city of Montgomery may rest the duty, from aught that appears in the bill as amended, to keep the sewer open.

It is true that the bill as amended alleges that the railroad company has knocked a hole in another sewer, thereby causing water to flow on the land of the complainant. The water which is thus caused to go upon the complainant's land is water which, but for the stoppage of the sewer first above mentioned, would not be thrown into the sewer in which the hole had been knocked, and from aught that appears from the bill as amended the sewer in which the hole has been knocked is the property of the railroad company. In other words, it is plainly inferable from the bill as amended that water flows upon the railroad company's

land by reason of the failure of the city of Montgomery to keep open a sewer which it is its duty to keep open, and that the railroad company has, to get rid of this water, knocked a hole in one of its own sewers and the water has thus been thrown onto complainant's land. If this is the situation, then the city of Montgomery, and not the defendant railroad company, is the party really at fault.—*Hall v. Rising,* 141 Ala. 431, 37 South. 586; *Shanan v. Brown,* 179 Ala. 425, 60 South. 891, 43 L. R. A. (N. S.) 792; *Southern Railway Co. v. Lewis,* 165 Ala. 555, 51 South. 746, 138 Am. St. Rep. 77.

2. It is contended by the appellant that the opinion of this court on the former appeal (*Atlantic Coast Line Railroad Co. v. Woolfolk, supra*) is in conflict with the views expressed in *Hall v. Rising, supra; Shanan v. Brown, supra; and Southern Railway Co. v. Lewis, supra.* If the complainant sees proper to so amend his bill as to make his case plain to this court, then, if the case is again before us, we can appropriately discuss the real question at issue between the complainant and the respondent.

3. The defects in the bill as amended were pointed out in the opinion on the former appeal and they were pointed out by the demurrer which was filed to the bill after it was amended. Pleadings must be specific and certain, so that courts may know what the case of the party who files the pleading really is.

Reversed and remanded.

ANDERSON, C. J., and McCLELLAN and SOMERVILLE, JJ., concur.