(89 South. 823)

**STATE ex rel. McLEAN v. STONE, County Treasurer.   (1 Div. 430.)**

(Court of Appeals of Alabama.   June 7, 1921.)

1. Highways ⬅94—Road superintendent held entitled to salary earned.

Where, under Laws Sp. Sess. 1920, p. 148, no county road engineer was elected who accepted the office until January, 1921, until which time the court of county commissioners continued the road superintendent as its agent in superintending the public roads and highway work of the county, the county superintendent was entitled to have his warrant for salary for December, 1920, paid to him; the act not depriving the court of county commissioners of their control of public roads and highways.

2. Counties ⬅57—Discretion of court of county commissioners not judicially reviewable.

In no case involving the exercise of discretionary power by the court of county commissioners will their action be controlled by any judicial tribunal.

Appeal from Circuit Court, Mobile County; Claude A. Grayson, Judge.

Petition by the State of Alabama, on the relation of Arthur L. McLean, for mandamus to be directed to George E. Stone, as Treasurer of Mobile County, to require him to pay

certain warrants issued to said McLean as Road Superintendent of the County of Mobile. From an order denying the writ, the petitioner appeals. Reversed and remanded.

R. Percy Roach, of Mobile, for appellant.

The court should have granted the writ, for that Acts 1920, p. 148, is violative of section 45, Const. 1901: First, that it has two separate and distinct subjects, since the word "highway," if it does not mean public road, must mean city street. 3 May. 960; 89 Ala. 529, 7 South. 666; 108 Ala. 45, 18 South. 820, 35 L. R. A. 303; 133 Ala. 472, 32 South. 144, 59 L. R. A. 399, 91 Am. St. Rep. 46; 116 Ala. 51, 23 South. 57; 109 Ala. 66, 19 South. 901; 180 Ala. 499, 61 South. 368; 188 Ala. 620, 65 South. 1006; 189 Ala. 64, 66 South. 597. Second, the subject is not clearly expressed in the title. 115 Ala. 87, 22 South. 453; 101 Ala. 541, 14 South. 355; 89 Ala. 608, 7 South. 924; 130 Ala. 148, 30 South. 344, 89 Am. St. Rep. 23; 99 Ala. 177, 13 South. 415; 134 Ala. 393, 32 South. 687; 203 Ala. 570, 84 South. 759. At least sections 4 and 6 of the act are unconstitutional. 130 Ala. 148, 30 South. 344, 89 Am. St. Rep. 23. If the act above referred to is valid, it is a general law, and did not repeal Local Acts 1907, p. 727. 108 Ala. 336, 18 South. 816; 203 Ala. 574, 84 South. 816; 143 Ala. 93, 39 South. 366. The board of revenue had the right and power to employ appellant and as he performed the duties he was entitled to his pay. Local Acts 1907, p. 727; Gen. Acts 1915, p. 573; Loc. Acts 1919, p. 71; 180 Ala. 489, 61 South. 368.

George E. Stone, of Mobile, pro se.

Acts 1920, p. 148, is a general and not a local act. 145 Ala. 132, 40 South. 350. It could therefore repeal the local act without notice by publication. Section 107, Const. 1901. It was not penal, and went into effect at once. Section 7805, Code 1907.

Stevens, McCorvey & McLeod, amici curiæ.

Counsel refer to their brief in the case of George E. Stone, as Treasurer, v. State ex rel. S. M. Adams ante, p. 154, 89 South. 304.

SAMFORD, J. The facts in the case agreed upon are as follows:

"First. That defendant is now, and was at all the times referred to and covered by the petition, and at the time demand was made on him for payment of said salary for December, 1920, the duly qualified treasurer of Mobile county.

"Second. That on August 14, 1919, the said Arthur L. McLean was duly elected and employed under act of August, 2, 1907 (Local Acts 1907, p. 727), as road superintendent of the county of Mobile, Ala., by the board of revenue and road commissioners of said county, at a salary of $2,400 per annum, payable in monthly installments of $200 per month, and that he accepted the said office and employment and entered upon the duties thereof, and continued for and during the month of December, 1920, to perform the same character of service on the public roads of said county, and under the directions of said board, and with its full knowledge and approval, as he had theretofore been performing as such superintendent of public roads, and that he then claimed to be, and still claims to be, superintendent of public roads of Mobile county, Ala.

"Third. That this petitioner did perform faithfully the duties incumbent upon him as such superintendent of public roads for all the period of time since his election and employment, namely: Petitioner superintended the construction, repair, and maintenance of the public roads of Mobile county, and was directly responsible to said board for each and every public road in the jurisdiction of said board. Petitioner exercised the power and authority to hire such number of laborers as was provided by said board, and from time to time as the necessity required discharged same. He purchased all stocks, machinery, tools, and supplies for said work under bids submitted to him and approved by the board. He supervised and managed the convict camps maintained for the use of the convicts assigned him by said board for work on said public roads, and employed all guards for said convict camps prescribed by said board, making detailed reports of the conduct of his said office and duties to said board at least once a month and oftener if required. He saw that all the contracts let by said board for work or services or construction pertaining to the construction, repair, and maintenance of the public roads of the county were faithfully performed, and reported upon same from time to time to the board, and also performed such other duties as were required of him by the board as superintendent of roads, all of which he continued to do and perform up to and including the month of December, 1920.

"Fourth. The monthly salary as fixed and prescribed by the board for services rendered by the petitioner as such superintendent was $200 a month, falling due upon the first of each month immediately succeeding the month in which the services were rendered, all of which has been paid except the salary due for the month of December, upon order issued by the president of the board, duly authorized thereto, upon the respondent, as treasurer of Mobile county.

"Fifth. That the warrant described in the fifth paragraph was issued as therein alleged under and by authority of the board of revenue and road commissioners of Mobile county, Ala., and it is admitted that all the forms and requirements of the law preliminary to the issuance of said order were complied with, and, if the power and authority to issue same was not taken away from the said board by the act of October 6, 1920, known as the County Engineer Bill, passed at special session of the Legislature of Alabama, then the warrant is valid and ought to be paid, and that no county road engineer was elected who accepted the office until January 3, 1921."

This court has already held the act of the Legislature approved October 6, 1920 (Special

Session 1920, p. 148), to be valid, and not in violation of the Constitution. Stone, as Treas., etc., v. State ex rel. Adams (1 Div. 431) ante, p. 154, 89 South. 304.

[1, 2] That act, however, does not take away from the court of commissioners or like governing bodies jurisdiction over the roads and highways of the county, or interfere with the custody and control of the county's property. Section 1 of the act approved October 6, 1920, merely provides the character of agent through whom the county commissioners are required to act in exercising the power and control over the public roads and highways and to prevent as far as possible the employment by such commissioners of inefficient and inexperienced superintendents. The management of the county's affairs, the control of its finances, the making of appropriations and rules and regulations regarding the public roads and highways, remains with the court of county commissioners, but the state is now making large expenditure of money, in conjunction with the several counties, in public road building, and the Legislature, while not taking away the right of selection from the court of county commissioners, has removed as far as possible the danger of selection of incompetent superintendents in the expending of the people's money in the development of the road system of the state. Engineering is a well-known profession, and the employment of an engineer to have "entire charge" of work, does not imply that the employer has thereby lost "control" of the work in hand, and therefore it is clear that section 4 of the act of October 6, 1920, supra, can only mean that the engineer shall have "entire charge" of the work, under the "control" of the court of county commissioners. The court of county commissioners remains in control of the public roads and highways, through the road engineer. This view is farther strengthened by section 5 of the act, which requires reports by the engineer to the court, that it may see that he is faithfully discharging his duties, and, if not, that the interest of the county may be protected. It is at last a question for the court of county commissioners to pass upon the eligibility of the road engineer or superintendent, and if, exercising this discretion, the appellant here was in good faith continued as the agency of the court, in superintending the public roads and highway work of the county, and he performed that work, as in this case it is agreed that he did during the time covered by the warrant for salary regularly passed upon and issued to him by the governing body of the county, we see no reason why the warrant should not be registered and paid. In the absence of some charge embracing fraud, corruption, or unfair dealing, the appellate courts of this state are committed to the doctrine that in no case involving the exercise of discretionary power by the court of county commissioners will their action be controlled by any judicial tribunal. Matkin v. Marengo Co., 137 Ala. 155, 34 South. 171; Town of Eutaw v. Coleman, 189 Ala. 164, 66 South. 464. That the court of county commissioners might by proper proceedings be compelled to act, as required by the act of the Legislature of October 6, 1920, and in its selection of an engineer confine itself within the terms of the act is not involved in this decision, but, even so, the qualifications of the engineer, beyond a practical experience of three years in road building, is still with the court of county commissioners.

The judgment of the circuit court not being in line with the foregoing views, the judgment is reversed, and the cause is remanded.

Reversed and remanded.

---

⬳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes