(90 South. 876)

## Ex parte TENNESSEE COAL, IRON & R. CO.

## TENNESSEE COAL, IRON & R. CO. v. PEROLIO. (6 Div. 466.)

(Supreme Court of Alabama. June 30, 1921. Rehearing Denied Oct. 6, 1921.)

**1. Waters and water courses ⟨key⟩118—Lower owner not liable to upper for diverting water from natural flow.**

Regardless of whether there was some drainage provided by law, a lower proprietor is not liable to the upper proprietor for injury from the use of the lower lots, so that the surface waters are diverted as to make them flow in a manner different from what they had been accustomed to, and in which they ought to flow.

**2. Waters and water courses ⟨key⟩118—Lower owner liable for negligent exercise of right to improve that diverts natural flow.**

The only basis for liability by the lower owner to the upper owner for diverting water from its natural flow is to be found in a wrongful or negligent exercise of the right to improve the lower lots.

### On Rehearing.

**3. Appeal and error ⟨key⟩1095—Findings of facts by Court of Appeals not reviewed by Supreme Court.**

The Supreme Court does not review the Court of Appeals in its ascertainment of findings of facts.

Certiorari to Court of Appeals.

Application by the Tennessee Coal, Iron & Railroad Company for certiorari to the Court of Appeals to review and revise the judgment of said court, rendered on the appeal in Tennessee Coal, Iron & Railroad Company v. Zack Perolio, 90 South. 875. Writ granted, and judgment of the Court of Appeals reversed.

Percy, Benners & Burr and Salem Ford, all of Birmingham, for appellant.

City lots are exempt from the general rule of subserviency to the natural flowage of unchanneled waters. 72 Ala. 277, 47 Am. Rep. 412; 75 Ala. 91, 51 Am. Rep. 424; 141 Ala. 431, 37 South. 586; 179 Ala. 425, 60 South. 891, 43 L. R. A. (N. S.) 792; 87 Ark. 41, 112 S. W. 173, 20 L. R. A. (N. S.) 155; 40 Cyc. 643. The allegation and the proof must correspond. 109 Ala. 224, 19 South. 1, 31 L.

R. A. 193, 55 Am. St. Rep. 930; 141 Ala. 246, 37 South. 341; 141 Ala. 372, 37 South. 329. The recovery in this case is limited to nominal damages. 165 Ala. 417, 51 South. 871, 138 Am. St. Rep. 73; 156 Ala. 250, 47 South. 327; 132 Ala. 553, 31 South. 374. A verdict contrary to the instructions of the court is wrong, although the instructions may have been erroneous. 87 Ala. 23, 6 South. 53; 148 Ala. 527, 41 South. 683; 150 Ala. 445, 43 South. 856; 42 Pac. 1057; 198 Ala. 682, 73 South. 975. Motion for new trial should have been granted. 116 Ala. 142, 23 South. 53; 135 Ala. 375, 33 South. 32; 171 Ala. 294, 54 South. 626; 175 Ala. 319, 57 South. 718, 40 L. R. A. (N. S.) 998; 181 Ala. 565, 61 South. 914.

Harsh, Harsh & Harsh, of Birmingham, for appellee.

The verdict was not contrary to the instructions of the court. 195 Ala. 499, 70 South. 715; 161 Ala. 285, 49 South. 851. The exception to the general rule is not here applicable, and the court's oral charge was not erroneous. 179 Ala. 425, 60 South. 891, 43 L. R. A. (N. S.) 792; 87 Ark. 41, 112 S. W. 173, 20 L. R. A. (N. S.) 158; 194 Ala. 197, 69 South. 641; 165 Ala. 565, 51 South. 746, 138 Am. St. Rep. 77; 103 Tenn. 555, 53 S. W. 940, 48 L. R. A. 862, 76 Am. St. Rep. 699; 115 Miss. 169, 76 South. 136, L. R. A. 1917F, 942; 53 Ga. 186; 27 La. Ann. 501; 33 Grat. (Va.) 208, 36 Am. Rep. 788.

McCLELLAN, J. [1] The plaintiff (Perolio) claimed damages caused to his town or city lot through interference or prevention by defendant with the natural flow of surface waters from plaintiff's higher lot onto defendant's adjoining and lower town or city lot. In the oral charge to the jury the court thus described the situation and the results:

"* * * And the plaintiff claims he was the owner of a certain lot in Wylam, in the city of Birmingham, which was somewhat higher grade—upon a somewhat higher grade—than the adjoining property owned by the defendant company; that he had on that lot a storehouse and certain other buildings; and that the defendant erected a fence upon its own property of such a character, in such a way that the natural flow, the natural drainage of surface water was impeded and instead of flowing away from defendant's land, as it flowed prior to the erection of that fence, and as it had been accustomed to flow according to the natural contour of the land; that it was caused to dam up and collect on his own property, by reason of which and as a proximate consequence of this collection of the natural surface water his property was injured; that a portion of his property was caused to decay on account of the collection of this water and as a consequence of the collection, the retention of that water on the land he lost the use of the land for a time and the rents therefrom that he had been accustomed to receive."

At the request of the defendant the court gave special instructions to these effects: That defendant had a right to erect a fence or "stockade" or "chock house" on its own property, and that "plaintiff had no cause of action by reason of any such erection by defendant on its own property," if the jury decided from the evidence that such structures were erected on the defendant's property. Given a finding by the jury that the fence or stockade was erected on defendant's own property, the last-quoted instruction (numbered 6 in the transcript) was, in effect, a direction to the jury that plaintiff was not entitled to recover.

Exceptions were severally reserved to these, among other, excerpts from the court's oral charge:

"And if by artificial means, or even by any improvements of his own property, he injures another by a wrongful diversion or by diversion of the surface waters in such way as to make them flow in a manner different from what they had been accustomed to flowing and in which they ought to flow, and as a consequence of that injury is inflicted on the other person, then he is liable for such injury as proximately results from that act."

"But the mere fact that the land or the lot in question may be inside of the corporate limits of the city, unless it is shown that there is some drainage provided by law, or that the lots in question were used for city lots, for city purposes, why then the exception would not exist."

These extracts were inconsistent with the principles stated, as upon apt authority therein cited, in Shanan v. Brown, 179 Ala. 425, 60 South. 891, 43 L. R. A. (N. S.) 792. It was there pronounced, in accordance with previous decisions, that city or town lots are an exception to the civil-law rule "which in general makes land legally subservient to the natural flowage of surface waters" (Hall v. Rising, 141 Ala. 433, 37 South. 587); this, "because of artificial conditions created or to be created" in the improvement of urban properties, the owner of a city or town lot has the right to improve his property in such way as to prevent the flow of unchanneled surface waters upon his premises, and for so doing the owner of a higher lot has no cause of action against him. Shanan v. Brown, 179 Ala. 432, 433, 60 South. 891, 43 L. R. A. (N. S.) 792, supra; 27 R. C. L. pp. 1149, 1150, § 78; Vanderwiele v. Taylor, 65 N. Y. 341, 346; Reilly v. Stephenson, 222 Pa. 252, 70 Atl. 1097, 22 L. R. A. (N. S.) 947, 128 Am. St. Rep. 804; Barkley v. Wilcox, 86 N. Y. 140, 40 Am. Rep. 519.

[2] The only basis for liability in such cases of a right to improve city or town property is to be found in a wrongful or negligent exercise of the right. Shanan v. Brown, supra; 27 R. C. L. p. 1150; Reilly v. Stephenson, supra. The quoted extracts from the oral charge of the trial court interposed limitations not to be recognized in the statement or

administration of the stated exception with respect to unchanneled surface waters on urban properties. The following expressions in Southern Railway v. Lewis, 165 Ala. 564, 565, 51 South. 750, 138 Am. St. Rep. 77, are the unsound dicta that served to lead the court below into the errors indicated:

"There is an exception or a limitation to the rule above announced, and that is: It does not apply to city or village lots, property for which artificial drainage has been obtained, or which, from necessity must be so drained. This may be necessary under the laws of hygiene. The question of drainage involves not only the private property rights of the owner, but it sometimes involves the rights, health, and well-being of the public, in which case the individual rights of the owner yield to the common right of all. But if there be no artificial drainage provided by law, and no necessity therefor, and the land be not the usual city lots for ordinary building purposes, then the reason for the rule ceases, and the rule with it."

The Lewis Case, supra, was well decided. The railway company had, according to the complaint, so changed its property as to precipitate on Lewis' property water that otherwise would not have flowed on Lewis' property. This act was a positive wrong, regardless of whether the land was urban property or not, and for the damnifying consequences of this act the company was properly held liable. These observations serve to discriminate that decision, and to deny its application to the case now under review. In the present instance the complaint is that a lower urban property owner erected structures on its town or city lot that prevented unchanneled surface waters from flowing thereon from the higher, adjacent lot of the plaintiff.

These errors required the reversal of the judgment of the trial court. The writ prayed is granted. The judgment of affirmance is reversed.

Writ granted; reversed and remanded.

All the Justices concur.

### On Rehearing.

[3] The awarding of the writ of certiorari to the Court of Appeals is based upon the errors appearing in the excerpts from the oral charge of the trial court quoted in the original opinion. The reversal is not predicated of the mentioned instruction numbered 6, nor of the overruling of the motion for new trial on the ground that the verdict was inconsistent with the instructions of the court. Furthermore, according to the established practice, this court does not review the Court of Appeals in its ascertainment or findings of fact. 13 Mich. Ala. Dig. p. 433. In the proceeding under consideration this court has not undertaken, and does not intend, to express any opinion on any matter or issue of fact developed on the trial from which the appeal was taken to the Court of Appeals.

This court remains satisfied with the conclusions of law announced in the original opinion. The application for rehearing is denied.

All the Justices concur.