147 So. 178

### PERRY v. McCRAW et al.

### 7 Div. 169.

Supreme Court of Alabama.

March 16, 1933.

Rehearing Denied April 13, 1933.

Young & Longshore and Rutherford Lapsley, all of Anniston, for appellant.

Bibb & Woolf, of Anniston, for appellees McCraw and Highland Cemetery.

ANDERSON, Chief Justice.

The plaintiff is the owner of a certain lot in the city of Anniston which was lower and subservient to a lot or subdivision of McCraw, and the proof tends to show that the property of McCraw was not only higher than the lot of the plaintiff, but contained a hill or ridge which in its natural condition divided the flow of the surface water, that on one side going towards and over the plaintiff's lot and on the other side going in another direction. The McCraw lot was cleared of trees and stumpage and graded for cemetery purposes, and the ridge or hill was cut down and changed so as to divert surface water that went in another direction towards the plaintiff's lot, thus increasing the natural flow over her said lot. It also appears that in the development of the McCraw property certain roadways were made and paved which operated as drains of some surface water which would not have previously gone over plaintiff's property. We think the facts as disclosed, and which the plaintiff attempted to prove, established a question for the jury as to whether or not the natural flow of surface water over plaintiff's land had been increased to her damage, and the extent of same, and that this case falls within the influence of the cases of Central of Georgia Railway Co. v. Windham, 126 Ala. 552, 28 So. 392; Southern Railway Co. v. Lewis, 165 Ala. 555, 51 So. 746, 138 Am. St. Rep. 77; Atlantic Coast Line Railroad Co. v. Woolfolk, 178 Ala. 190, 59 So. 633; Tennessee Coal, Iron & R. Co. v. Perolio, 206 Ala. 403, 90 So. 876, 877. All of these cases involved lots in a city or town, and, in the last case cited, the opinion, in speaking of the Lewis Case, said: "The Lewis Case, supra, was well decided. The railway company had, according to the complaint, so changed its property as to precipitate on Lewis' property water that otherwise would not have flowed on Lewis' property. This act was a positive wrong, regardless of whether the land was urban property or not, and for the damnifying consequences of this act the company was properly held liable."

The cases of Hall v. Rising, 141 Ala. 431, 37 So. 586, and Shanan v. Brown, 179 Ala. 425, 60 So. 891, 43 L. R. A. (N. S.) 792, did not involve, as here, the changing of the defendant's property so as to precipitate water on the lower owner which would not have gone there otherwise. They simply hold that the owners of the lower or subservient lots had the right to protect themselves against the flow of water over their lots. True, the case of Phillips v. Waterhouse, 69 Iowa, 199, 28 N. W. 539, 58 Am. Rep. 220, is cited in the Rising Case, supra, and that case holds no liability whether the flow is increased or not, or whether it caused waters to flow in other directions than they were accustomed to

flow. We do not think, however, that this court intended to approve this case entirely as Judge Sharpe, the writer of the opinion in the Rising Case, also wrote the opinion in the Central of Georgia Railway Co. Case, supra. Moreover, the broad statement in the Iowa case was ignored in the Lewis and Tennessee Coal, Iron & R. Co. Cases, supra, and the contrary was held.

■ The trial court erred in sustaining the defendants' objection to the question to the witness Sparks, embraced in assignment of error 2. This witness superintended the work, had seventeen years' experience, and could well tell whether or not the grading had so changed the flow of the surface water as to cause it to go on the plaintiff's property, and this went to the vital issue of the case.

■ We also think the plaintiff should have been permitted to ask the question to the witness Roy Methvin as embraced in the third assignment of error.

The trial court did not err in giving the general charge in favor of the city of Anniston, but did err in doing so as to McCraw and the Highland Cemetery.

It is suggested that the Highland Cemetery was entitled to the general charge in any event as McCraw had the grading done before it acquired the property. It is sufficient to say that the complainant claims for damages accruing after the Highland Cemetery acquired the property and was maintaining the same.

It is also urged by the appellee that the bill of exceptions does not contain all the evidence for the reason that the locus in quo was inspected by the judge and jury and this court should not put the trial court in error for giving the affirmative charge. We are relieved from passing on this question and from applying this technical rule for the reason that the trial court committed reversible error in ruling upon the evidence. Berow v. Brown, 208 Ala. 476, 94 So. 772.

The judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

THOMAS, BROWN, and KNIGHT, JJ., concur.