45 So.2d 792

## KAY–NOOJIN DEVELOPMENT CO. v. HACKETT et al.

8 Div. 512.

Supreme Court of Alabama.
March 2, 1950.

Rehearing Denied May 4, 1950.

Clarence L. Watts and Walter F. Eigenbrod, of Huntsville, for appellees.

Douglass Taylor, Robt. K. Bell, Taylor, Bell & Taylor and Patrick W. Richardson, all of Huntsville, for appellant.

FOSTER, Justice.

This suit comes to us on appeal from a decree overruling the demurrer to a bill in equity. Appellees filed the bill against appellant seeking to enjoin appellant from maintaining an alleged nuisance consisting in the collection of surface water upon its property by appellant as the upper proprietor in the City of Huntsville and casting it upon complainants' property being the lower of them. The demurrer contained only one ground, that there is no equity in the bill.

Appellee's property is his dwelling house and lot. The property of appellant was being developed as a residential section. In so doing it was laid off in streets and ways, which were opened, causing ditches to drain the rain water collecting and depositing it upon said property of appellee.

It is further alleged that this caused appellee's residence to be damp, moldy and unfit for occupancy as a residence and to become a hazard to his health and that of his family, and causing damage to his property to the amount of to wit $7,500.

The bill seeks to invoke a well known equitable principle in this State, which prevents an upper proprietor from

casting rain water deposited upon his lot upon the premises of the lower proprietor in greater volume and greater rapidity and in a channel to his damage, whereas such water would naturally spread out over a wide surface and pass off without injury. Such "owner has no right to so grade his land or to so erect embankments as to thus turn the natural flow of the surface water, nor can he gather this surface water into a body on his own land, and then discharge it in a body, when without being so collected and discharged it would have been scattered and diffused over greater territory." Southern Railway v. Lewis, 165 Ala. 555, 51 So. 746, 749, 138 Am.St.Rep. 77; Perry v. McCraw, 226 Ala. 400, 147 So. 178; Vinson v. Turner, 252 Ala. 271, 40 So.2d 863; Drummond v. Franck, 252 Ala. 474, 41 So. 2d 268. It is also said in the Lewis case, supra: "The better or at least the more general rule seems to be that the natural drains must be kept open, and that the lower estate is subject to the servitude of receiving this water through its accustomed and natural channels."

Our cases make a distinction where the property is situated in an incorporated city or town. In the Lewis case, supra, the suit was, as here, by the proprietor of the lower lot against that of the upper and it was in an incorporated town. This Court observed that there is "an exception or a limitation to the rule above announced, and that is, it does not apply to city or village lots, property for which artificial drainage has been obtained, or which, from necessity, must be so drained." In Shanan v. Brown, 179 Ala. 425, 60 So. 891, 43 L.R.A., N.S., 792, the distinction between town and rural property was asserted without the limitation expressed in the Lewis case, supra.

In the case of Ex parte Tennessee Coal, Iron & R. R. Co., 206 Ala. 403, 90 So. 876, this Court took note of the limitations expressed in the Lewis case, supra, but declined to apply them to a situation where the lower proprietor had built an obstruction on his property to the flow of the water upon it from the upper proprietor, thereby causing the water to accumulate upon the property of the upper proprietor, although there was no other way for the water to have an outlet, when the area was in an incorporated town or city.

In the case of Perry v. McCraw, supra, this Court noted that status of the law. These cases referred to the Lewis case, supra, as being one where the suit was against the upper proprietor for collecting the surface water into a channel and casting it upon the property of the lower proprietor, which was occasioned by the improvements being made upon the upper property. All those cases held that the upper proprietor had no such right, although there was no other outlet or drainage for the water, and that the owner of such property was liable in damages for so doing and was subject to an injunction to prevent him from it.

The result of our decisions is that the lower proprietor in an incorporated town or city can build a wall or other obstruction on his property extending to the line between it and the other property, and thereby prevent water from passing from it over his property, although that is the only way in which the surface water can pass, and when there is no drainage provided by the town or is otherwise possible, and all simply because the area happens to be incorporated in a town or city.

But we are not here dealing with the right of the lower proprietor in this respect, but we are dealing with the liability of the upper proprietor who, by his operations, collects the surface water into a channel and casts it upon the property of the lower proprietor, when without it being so collected it would be scattered and diffused, and because it is collected it causes damage to the lower proprietor. Such liability of the upper proprietor is now said not to be affected by the question of whether the area is within an incorporated town or city. Ex parte Tennessee Coal, Iron & R. R. Co., supra; Perry v. McCraw, supra.

The allegations of the bill are sufficient to bring it within the principle of those cases. If there is any deficiency of averment to make it more precise, it is not pointed out in the demurrer. For the reasons

which we have indicated, we think the demurrer was properly overruled.

Affirmed.

BROWN, LAWSON, SIMPSON and STAKELY, JJ., concur.