The Baileys appeal from an adverse judgment in a suit claiming damages against Floyd for obstructing the water flow and seeking injunctive relief in providing adequate drainage of the surface water.
Baileys' counsel states the "Issues Presented" as follows:
 "1. Whether Alabama law precludes a lower lot owner of property outside the limits of an incorporated town or city from obstructing the natural now of surface water across the upper lot owner's land and onto the lower lot owner's land.
 "2. Whether the trial court's ruling was plainly and palpably erroneous or was based upon an incorrect view of the law as applied to the facts."
Under the "Argument One" section of his brief, Appellants' counsel aptly sets forth the applicable law:
 "Alabama recognizes two rules with respect to the obstruction or diversion of surface water. The line of demarcation has been drawn at the boundary of an incorporated town or city. If the land is outside municipal boundaries the rule of law is known as the civil rule. Dekle v. Vann, 279 Ala. 153, 182 So.2d 885 (1966).
 "The civil rule recognizes an equitable servitude for the natural drainage between adjoining lands so that the lower owner must accept the surface water which naturally drains on his land. Annot. 93 A.L.R.3d 1193, 1207 (1979).
 "If the land is inside a corporate limit, the applicable rule of law is called the common-enemy doctrine. It is diametrically opposed to the civil law rule and allows each landowner to use his property as he pleases. Each land owner has an unqualified right to divert the surface waters without incurring legal consequences while other landowners possess the duty and right to protect themselves from the effects of this diversion. Annot. 93 A.L.R.3d 1193, 1199 (1979).
 "Since the Appellants' and the Appellee's property in the instant case are located outside the boundaries of an incorporated town or city, the civil rule grants the Appellants, as upper land owners, an easement on the land of the Appellee, lower land owner, for the purpose of the natural flow of surface water from Appellants' land onto Appellee's land. The most recent decision upholding this type *Page 405 
of equitable servitude . . . held that the lower lot owner of property located outside a municipality or township could not obstruct the natural flow of surface water across the lots. There have been no cases in Alabama modifying the civil rule where the upper land is injured by the lower owner's diversion of surface water."
See, also, Kay-Noojin Development Co. v. Hackett, 253 Ala. 588,45 So.2d 792 (1950); Vinson v. Turner, 252 Ala. 271,40 So.2d 863 (1949); King Land Improvement Co. v. Bowen, 7 Ala. App. 462,61 So. 22 (1913).
Counsel for Appellee takes no issue with the above-stated legal principles; rather, he insists, citing the ore tenus
presumption of correctness rule, that "the real issue here is whether appellee has done anything to damage the appellants; for, admittedly, he can use his lot in any way so long as it does not interfere with the flow of surface water from the appellants' lot in such a way as to impair or damage them."
Appellants' counsel, on the other hand, disclaiming the application of the ore tenus rule, insists that the judgment of the trial court is "plainly and palpably erroneous, or was void as an incorrect view of the law as applied to the facts," citing Whitfield v. Sanders, 366 So.2d 258 (Ala. 1978). As to Appellants' "misapplication of the law to the facts contention," we can only observe that, in view of the common understanding of the parties respecting the applicable law, there seems little or no likelihood that the trial judge either misunderstood or misapplied the law. Likewise, Appellants do not challenge the sufficiency of the evidence to support the trial judge's finding. The "plainly and palpably erroneous" challenge goes only to the great weight and preponderance of the evidence.
The dispositive issue, then, may be restated: Conceding that the evidence adduced at trial was of such probative value as would warrant the trial judge, as the factfinder, to reasonably infer the fact or facts sought to be proved and that such finding supports the final judgment, nonetheless, is the judgment so against the great weight and preponderance of the evidence as to be palpably wrong and manifestly unjust, thus requiring a reversal. We hold that it is not and affirm.
A detailed recital of the evidence is unnecessary. Suffice it to say the evidence is without dispute in the record that the Baileys' "fill in" of their lot in preparation for construction of their home materially altered the natural flow of a substantial volume of surface water through and over their lot, the reasonable inference being that at least a portion of the surface water which once naturally flowed across their lot into the creek was diverted onto the adjoining lot of Floyd. Further, although Floyd's filled-in lot is now higher in elevation at the point of the parties' common property line, the evidence justifies a finding that the embankment on Floyd's lot at this point merely diverted the flow of the surface water along the property line into the creek as opposed to its previous path across his property.
More telling, perhaps, than any other evidence, however, is the expert testimony offered by Floyd from which the trial court could reasonably infer that the damages complained of by the Baileys were not causally related in fact to Floyd's use of his lot.
To be sure, this is not to say that the record does not disclose ample credible and highly persuasive evidence on behalf of the Baileys' claim. By sheer weight, especially when viewed in light of the many uncontradicted and objective facts, the evidence may well tip the scales in their favor. But this is not the test on appellate review. Apart from how we may personally feel as to the trial judge's holding, or how we would have ruled on the proffered evidence, our careful and detailed study of the record does not convince us that the judgment below was so against the great weight and preponderance of the evidence so as to be declared wrong and unjust; thus, on appellate review, we are constrained not to reverse.
AFFIRMED.
TORBERT, C.J., and MADDOX, SHORES and BEATTY, JJ., concur. *Page 406