We are asked to decide which rule of law — the common law rule, the civil law rule, or the modified civil law rule — applies when surface water flows or runs from the property of an upper landowner that is located or situated in an incorporated area onto property of a lower landowner that is situated in an unincorporated area.
John H. Street owns 20 acres of land contiguous to property owned by William and Betty Tackett. The Street property is situated inside the limits of Oxford, Alabama, an incorporated municipality. William and Betty Tackett's land is situatedoutside Oxford in an unincorporated area — rural, to be more specific. The municipal boundary line is the common boundary line of the Street and Tackett properties. The Street property is higher in elevation and lies north of the Tackett property.
Street bought the land in 1977 for the purpose of developing a subdivision. He had, in the past, developed three subdivisions north of, and adjacent to, the subject 20 acres. Development of this property began in 1980, with John H. Street cutting streets and drainage ditches along the streets. When rain fell, the surface water ran into a 3/4-acre pond situated on the Tacketts' property, carrying mud with it. The muddy water caused the fish in the pond to die, caused damage to some trees, reduced the depth of the pond, and did other damage.
William Tackett confronted Street about the water problem. Street offered to run a ditch away from Tackett's pond. Tackett disliked the idea. On two occasions Street placed bales of hay to impede the flow of the water. A stalemate existed between them, and finally, the Tacketts sued Street for damages in the circuit court. The jury awarded the Tacketts $18,000.00. The trial court denied a motion for new trial or JNOV and entered judgment for the Tacketts for $18,000.00. Street appeals, primarily on the ground that the trial judge erred (1) when he did not give Street's requested written charge on the common law rule, and (2) in giving the following charge that was requested by the Tacketts:
 "An upper proprietor who collects surface water into a channel and casts it upon property of a lower proprietor to his damage when if it were not so collected the water would be scattered and diffused is liable for the damage though the property is located within the incorporated town or city."
Our cases have stated different rules to apply to problems associated with surface water. A short history of this area of the law is set out in Mitchell v. Mackin, 376 So.2d 684 (Ala. 1979).
Mitchell says that the common law rule permits one to restrict or control the flow of surface water with little or no limitation whatsoever. The proprietor may deal with surface water as he chooses, regardless of the consequence to his neighbor. This rule applies to owners of property within municipal limits, but has been limited to the effect that a lower owner may dam surface water, but an upper owner may not channelize it so as to injure the lower owner. Mitchell at 688;Kay-Noojin Development Co. v. Hackett, 253 Ala. 588,45 So.2d 792 (1950).
For those proprietors located outside the limits of a municipality, the civil rule applies. This rule provides that one may not interfere with the natural flow of surface water in such a way as to injure his neighbors and that the lower land bears a servitude *Page 15 
to the higher land to receive only that water which naturally flows from the higher. See Mitchell at 686. This may be said to be the strict civil law rule. Mitchell, under its set of facts, applied the modified civil law rule. This rule, simply stated, says that an upper owner may not interfere with the natural flow of surface water in such a way as to injure his neighbor, but may concentrate it and cause it to flow more rapidly, and in greater volume on the lower land, with prudent regard for the welfare of his neighbor.
In the cases that this Court has decided in applying these surface water rules, both the upper land and the lower land have been in a city or both have been in an unincorporated area. See Hughes v. Anderson, 68 Ala. 280 (1880); Crabtree v.Baker, 75 Ala. 91 (1883); Farris McCurdy v. Dudley, 78 Ala. 124
(1884); Hall v. Rising, 141 Ala. 431 (1904); SouthernRailway Co. v. Lewis, 165 Ala. 555, 51 So. 746 (1910); Shananv. Brown, 179 Ala. 425, 60 So. 891 (1913); Ex parte TennesseeCoal Iron R. Co., 206 Ala. 403, 90 So. 876 (1921); Vincent v.Turner, 252 Ala. 271, 40 So.2d 863 (1949); Kay-NoojinDevelopment Co. v. Hackett, 253 Ala. 588, 25 So.2d 793 (1950);Kay-Noojin Development Co. v. Kinzer, 259 Ala. 49, 65 So.2d 510
(1953); Dekle v. Vann, 279 Ala. 153, 182 So.2d 885 (1966);Mitchell, supra,; Sargent v. Lambert Construction Co.,378 So.2d 1153 (Ala. 1979); and Johnson v. Washington,474 So.2d 651 (Ala. 1985).
This appears to be the first case where the upper land is in a city and the lower land is outside the city. We believe that an intermediate position should be taken in reaching a decision. Both Street and Tackett have economic interests at stake. They have tried to resolve these interests by bargaining but they have failed. We conclude that the modified civil lawrule should be applied in this case, and we hold that the upper land owner can alter the flow of surface water to improve his property; however, he has a duty not to unduly burden the lower property by causing substantial damage and not to unreasonably interfere with the possessory rights of the lower landowner. We believe that this holding compares favorably with thereasonable use rule urged in the amicus curiae brief filed by the Alabama Home Builders Association.
The reasonable use rule is stated in Pendergrast v. Aiken,293 N.C. 201, 216, 236 S.E.2d 787, 796 (1977):
 "Each possessor is legally privileged to make a reasonable use of his land, even though the flow of surface water is altered thereby and causes some harm to others, but liability is incurred when his harmful interference with the flow of surface water is unreasonable and causes substantial damage."
The trial judge did not err by refusing to give the requested charge on the common law rule. Even though he did not charge the jury on the modified civil law rule, we hold that the failure to do so was error without injury and that the evidence was sufficient to sustain the verdict finding Street liable. First, a 24" culvert constructed by Street caused the water to flow at an accelerated velocity; the water contained great quantities of mud and silt. Second, Street severed a dam situated between the Street and Tackett properties, causing more water to run onto the Tacketts' property. Third, the mud flowing into the pond caused the fish to die. Fourth, a 10-foot-deep pond became a 4-foot-deep pond because of the accumulation of mud and silt flowing from the Street subdivision. Furthermore, the jury viewed the land and saw the damage.
The judgment of the trial court is affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES, SHORES, BEATTY, ADAMS and STEAGALL, JJ., concur. *Page 16