STUART, Justice.
Angela Young Purser and her brother, Alton Young, Jr., sued Solid Ground Development, LLC, in the Shelby Circuit Court. Purser alleged that Solid Ground had unlawfully drained a lake on property it owned adjacent to her property, thereby interfering with her use and enjoyment of that lake, as well as causing a smaller lake on her property to also go dry; Young, Jr., alleged that Solid Ground’s actions had changed the flow of runoff water such that his property was now flooded whenever there were substantial amounts of rain. The trial court entered a summary judgment in favor of Solid Ground on both claims. Purser now appeals that judgment.[1] We affirm.
I.
In June 1965, Purser’s father, Alton Young, Sr., acquired from two separate sellers approximately 37 acres of contiguous land in Alabaster. That same month, Young, Sr., conveyed that property to Waymon Rutherford and Willie Rutherford, who, some months later, conveyed two acres of the land back to Young, Sr. Purser alleges that the object of these transactions was for the Rutherfords to construct a lake for the enjoyment of the Young and Rutherford families and that Young, Sr., was given the two acres of land as partial compensation for his surveying services associated with the construction of that lake. The Rutherfords did in fact *1250 thereafter build a dam and construct a lake on their property.
In approximately 1975, Young, Sr., conveyed a portion of the property he had received from the Rutherfords to Purser. The property he conveyed to Purser was not lakefront property; however, on October 31, 1980, Purser purchased some additional property from Willie Rutherford— Waymon was deceased — which did include lakefront property and some of which actually formed part of the lake bed. In 1989, Purser conveyed a portion of her non-lakefront property to Young, Jr.
On February 4,1991, the estate of Willie Rutherford conveyed the rest of the property conveyed by Young, Sr., that she owned at her death to Raymond Wilson. Wilson subsequently began construction of a road around the property. That road extended along his property line, and, because Purser owned a portion of the southeastern part of the lake, Wilson sought to construct an elevated road bed through the lake along the property line he shared with Purser. That road bed would have effectively bisected the lake, resulting in a larger lake on the Wilson property and a smaller lake on Purser’s property. Purser opposed the planned road through the lake, and, after construction on it began, she filed a lawsuit to stop it, alleging, among other things, that the roadbed sloped underwater and encroached upon her property.[2] In September 1998, she settled her claims against Wilson for $80,000 and agreed to an easement allowing Wilson to keep the underwater edge of the roadbed on her property but requiring him to maintain the road with gravel or stone, not dirt. After the road bed was finished, there existed two lakes — one larger lake entirely on Wilson’s property and one smaller lake entirely on Purser’s property — connected by pipes built into the roadbed that allowed water to travel between the lakes. The lake on Purser’s property was dependent upon water flowing through those pipes from the larger lake to maintain its water level.
In January 2005, Solid Ground purchased the property once owned by Wilson with plans to eventually develop it. As part of those plans, Solid Ground opened the dam on its property, allowing the lake on its property to drain. As the lake drained, water flowed through the pipes running to the lake on Purser’s property, causing the water level on that lake also to drop substantially. On March 20, 2007, Purser sued Solid Ground in the Shelby Circuit Court, alleging that Solid Ground had irrevocably impaired her use and enjoyment of the original lake and asking the court to require Solid Ground to restore the lake on its property to its original condition. Solid Ground answered the complaint and, after a period of discovery, moved for a summary judgment, arguing that Purser had no right entitling her to the use and enjoyment of a lake that was entirely on Solid Ground’s property and that Purser had no right to compel it to maintain a lake on its property to benefit a connected lake on her property. On March 12, 2009, the trial court entered a summary judgment in favor of Solid Ground, noting that the judgment was supported not only by the arguments made by Solid Ground in its summary-judgment motion, but also by the doctrine of collateral estoppel as a result of Purser’s previous action against Wilson. Purser’s ensuing motion to alter, amend, or vacate the judgment was denied by operation of law pur *1251 suant to Rule 59.1, Ala. R. Civ. P., and she filed this appeal on August 21, 2009.
II.
“This Court’s review of a summary judgment is de novo. Williams v. State Farm Mut. Auto. Ins. Co., 886 So.2d 72, 74 (Ala.2003). We apply the same standard of review as the trial court applied. Specifically, we must determine whether the movant has made a prima facie showing that no genuine issue of material fact exists and that the movant is entitled to a judgment as a matter of law. Rule 56(c), Ala. R. Civ. P.; Blue Cross & Blue Shield of Alabama v. Hodurski, 899 So.2d 949, 952-53 (Ala.2004). In making such a determination, we must review the evidence in the light most favorable to the nonmovant. Wilson v. Brown, 496 So.2d 756, 758 (Ala.1986). Once the movant makes a prima facie showing that there is no genuine issue of material fact, the burden then shifts to the nonmovant to produce ‘substantial evidence’ as to the existence of a genuine issue of material fact. Bass v. SouthTrust Bank of Baldwin County, 538 So.2d 794, 797-98 (Ala.1989); Ala. Code 1975, § 12-21-12.”
Dow v. Alabama Democratic Party, 897 So.2d 1035, 1038-39 (Ala.2004).
III.
In Wehby v. Turpin, 710 So.2d 1243, 1246 (Ala.1998), this Court considered, as an issue of first impression, “who has control over the surface waters of a private nonnavigable lake, when the lake bed is owned by two or more adjoining landowners.” After reviewing the relevant Alabama law and decisions reached by other jurisdictions that had considered the issue, we adopted the majority common-law rule that “the owners of land extending beneath artificial or man-made lakes, not navigable as a matter of law, have surface-water rights only in the surface waters above their land.” Id. at 1249. As applied in this case, this rule dictates that Purser had a right to use and enjoy only that part of the original lake that lay upon her property — she had no property rights in the larger lake or the original lake as a whole, notwithstanding the fact that the Rutherfords and Wilson may have allowed her free use of that part of the lake now on the property owned by Solid Ground. Conversely, Wilson, Solid Ground’s predecessor in title, had the right to use and enjoy that part of the original lake lying on his property as he wanted, and he acted within his rights when he erected the roadbed that bisected the lake and created the two smaller lakes. Solid Ground similarly had the right to do as it wished with the lake on its property, and it acted within its rights when it elected to drain that lake.
Purser now argues to this Court that she had an easement or equitable rights entitling her to use the entirety of the original lake and/or requiring Solid Ground to maintain the original lake level in order to maintain the level of the lake on her property. However, the record contains no documentary evidence supporting that assertion. Moreover, the record contains no evidence indicating that Purser made this argument to the trial court. The record does not contain any motion Purser might have filed opposing Solid Ground’s motion for a summary judgment, and her motion to alter, amend, or vacate the judgment states only that “the evidence presented by [Purser] was substantial and of such weight that proved that there was an existence of a genuine issue of material fact.” “This Court cannot consider arguments raised for the first time on appeal; rather, our review is restricted to the evidence and arguments *1252 considered by the trial court.” Andrews v. Merritt Oil Co., 612 So.2d 409, 410 (Ala.1992). See also State v. Robinson, 510 So.2d 834, 835 (Ala.Civ.App.1987) (“It is the responsibility of the appellant to provide enough of the record to support the issues presented.”). In light of the record before us, we are not persuaded that there is any legal basis on which to require Solid Ground to maintain the lake on its property for Purser’s use and enjoyment.
To the extent Purser also argues that Solid Ground should be required to restore the lake on its property in order to maintain the water level of the lake on her property, her argument is not supported by the applicable law. In Bailey v. Floyd, 416 So.2d 404, 404 (Ala.1982), this Court quoted with approval the following from the appellants’ brief:
“ ‘If the land is inside a corporate limit, the applicable rule of law is called the common-enemy doctrine. It is diametrically opposed to the civil law rule and allows each landowner to use his property as he pleases. Each land owner has an unqualified right to divert the surface waters without incurring legal consequences while other landowners possess the duty and right to protect themselves from the effects of this diversion. Annot. 93 A.L.R.3d 1193, 1199 (1979).’ ”
Because all the property at issue in this case lies within the municipal limits of the City of Alabaster, Solid Ground is entitled to divert the water on its property without regard to the effect that diversion will have on Purser’s property. Any argument Purser makes to the contrary is unfounded.
IV.
The summary judgment entered by the trial court against Purser and in favor of Solid Ground is supported by the applicable law. Accordingly, that judgment is affirmed.
AFFIRMED.
COBB, C.J., and LYONS and BOLIN, JJ., concur.
MURDOCK, J., concurs in the result.

. Young, Jr., does not challenge on appeal the judgment against him.

. It is not clear from the record in this case exactly what claims Purser alleged against Wilson in the earlier action.