The International Brotherhood of Electrical Workers (the Union) appeals from an interlocutory order granting a preliminary injunction barring it "from distributing, publishing, disseminating or mailing out any confidential employer-employee information * * *." We reverse and remand.
The Union is attempting to organize the clerical and technical employees of Alabama Power Company. As part of this organizing campaign, the Union distributed handbills containing allegedly confidential salary information. The plaintiff is one of the employees whose salary was disclosed. She filed a class action seeking an injunction to prevent distribution of confidential employer-employee information, plus compensatory damages of $100 million and punitive damages of $20 million. Codefendants, the Union and Local 253, filed motions to dismiss for lack of jurisdiction. The trial court reserved decision on the motions to dismiss, but granted plaintiff's motion for a preliminary injunction pending consideration on the merits.
The Union claims that (1) the order granting the preliminary injunction should be vacated and the complaint dismissed because the trial court has no jurisdiction, federal law having preempted the field, or (2) the order granting the preliminary injunction should be vacated for failure to comply with Rule 65 (d)(2), ARCP.
We proceed to consider whether the form of the trial court's order complied with Rule 65 (d)(2).
The Union contends that the order violates Rule 65 (d)(2), ARCP, by failing (1) to give reasons for the issuance of the injunction, (2) to be specific in its terms, or (3) to describe in reasonable detail the acts sought to be restrained. We agree.
The trial court's order granting the preliminary injunction is, in pertinent part, as follows:
 "ONE: Plaintiff's motion for preliminary injunction is hereby granted upon the posting of good and sufficient sureties in the amount of Five Hundred Dollars ($500.00), with such bond to be approved by the Register of the Court. Upon the posting of such bond, Defendants, International Brotherhood of Electrical Workers (AFL-CIO), and Local No. 253, of the International Brotherhood of Electrical Workers (AFL-CIO), or any person or persons participating or acting in concert with said Defendants, are temporarily enjoined, from distributing, publishing, disseminating or mailing out any confidential employer-employee information (including but not limited to wage, salary or compensation data) on any employee of the Alabama Power Company, past or present, pending final adjudication of this cause.
 "DONE AND ORDERED this 18th day of May, 1978 at 3:15 P.M."
It is clear that the order does not comply with Rule 65 (d)(2). There are no reasons given for the issuance of the preliminary *Page 664 
injunction, not even a recital that irreparable loss to the plaintiff will result if the injunction does not issue. Theacts sought to be enjoined are not described in specific terms. The phrase "any confidential employer-employee information" istoo broad to give the Union notice of what it may or may not distribute.
In Schmidt v. Lessard, 414 U.S. 473, 94 S.Ct. 713,38 L.Ed.2d 661 (1974), the United States Supreme Court held, viz:
 ". . . Rule 65 (d) of the Federal Rules of Civil Procedure provides, in relevant part:
 "`Every order granting an injunction and every restraining order shall set forth the reasons for its issuance; shall be specific in terms; shall describe in reasonable detail, and not by reference to the complaint or other document, the act or acts sought to be restrained. . . .'
 The order here falls far short of satisfying the second and third clauses of Rule 65 (d). Neither the brief judgment order nor the accompanying opinion is `specific' in outlining the `terms' of the injunctive relief granted; nor can it be said that the order describes `in reasonable detail. . the act or acts sought to be restrained.' Rather, the defendants are simply told not to enforce `the present Wisconsin scheme' against those in the appellee's class.
 "As we have emphasized in the past, the specificity provisions of Rule 65 (d) are no mere technical requirements. The Rule was designed to prevent uncertainty and confusion on the part of those faced with injunctive orders, and to avoid the possible founding of a contempt citation on a decree too vague to be understood. International Longshoremen's Assn. v. Philadelphia Marine Trade Assn., 389 U.S. 64, 74-76, 88 S.Ct. 201, 206-208, 19 L.Ed.2d 236; Gunn, [Gunn v. University Committee to End the War, 399 U.S. 383, 90 S.Ct. 2013, 26 L.Ed.2d 684] supra, at 388-389. See generally 7 J. Moore, Federal Practice ¶ 65.11; 11 C. Wright A. Miller, Federal Practice and Procedure § 2955. Since an injunctive order prohibits conduct under threat of judicial punishment, basic fairness requires that those enjoined receive explicit notice of precisely what conduct is outlawed.
 The requirement of specificity in injunction orders performs a second important function. Unless the trial court carefully frames its orders of injunctive relief, it is impossible for an appellate tribunal to know precisely what it is reviewing. . . ." [Footnotes omitted.]
Rule 65 (d) F.R.C.P. is almost identical to our Rule 65 (d). It is thus that we hold the provisions of Rule 65 (d)(2) to be mandatory. See C. Wright A. Miller, Federal Practice and Procedure § 2955 (1973). Since its provisions were not followed, thus cause must be reversed and remanded.
In view of the result we reach, it is unnecessary that we write to the "preemption" question.
REVERSED AND REMANDED.
TORBERT, C.J., and FAULKNER, ALMON and EMBRY, JJ., concur.