**Harvey YORK and Sara Joan York,
Plaintiffs-Appellants,**

**v.**

**CITY OF CEDARTOWN,
Defendant-Appellee.**

No. 80–9059
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.
Unit B

June 15, 1981.

Marson G. Dunaway, Jr., Rockmart, Ga., for plaintiffs-appellants.

Michael D. McRae, Cedartown, Ga., for defendant-appellee.

Before HILL, FAY and ANDERSON, Circuit Judges.

PER CURIAM:

Appellants filed a damage action pursuant to 42 U.S.C. § 1983 (1979) and its juris-

dictional counterpart, 28 U.S.C. § 1343(3) and (4) (1979), against the City of Cedartown.[1] They allege that the city negligently designed and constructed the street and drainage system with the result that, during periods of excessive rainfall, water and sewage are deposited on appellants' property, thereby diminishing its value and causing damage to their dwelling. They allege further that the maintenance of the street and drainage system in its present condition constitutes a continuing nuisance. The district court granted appellee's motion to dismiss on the dual grounds that the court lacked jurisdiction over the subject matter of the complaint, Fed.R.Civ.P. 12(b)(1), and that the complaint failed to state a claim upon which relief could be granted, Fed.R.Civ.P. 12(b)(6). We affirm the Rule 12(b)(6) dismissal for failure to state a claim, and do not reach the Rule 12(b)(1) issue.

We held recently in *Williams v. Kelley*, 624 F.2d 695, 697 (5th Cir. 1980), that "Section 1983 plaintiffs must prove both (1) deprivation of a federal constitutional or legal right ... which (2) resulted from 'the sort of abuse of government power that is necessary to raise an ordinary tort by a government agent to the stature of a violation of the Constitution.'" (citation omitted). Appellants have asserted that their constitutional right not to be deprived of their property without due process of law has been violated because appellee's tortious acts and maintenance of a nuisance have diminished the value of their property and damaged their dwelling.[2] However, appellants have failed to allege facts suggesting an "abuse of governmental power sufficient 'to raise an ordinary tort by a government agent to the stature of a violation of the Constitution.'" *Suthoff v. Ya-*

*zoo County Industrial Development Corp.,* 637 F.2d 337, 340 (5th Cir. 1981) quoting *Williams v. Kelley,* 624 F.2d 695, 697 (5th Cir. 1980). We conclude that appellants can prove no set of facts in support of their claims of negligence and maintenance of a nuisance by appellee which would entitle them to relief under § 1983. *Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Menchaca v. Crysler Credit Corp.,* 613 F.2d 507, 516 (5th Cir. 1980) (Garza, J., dissenting), *cert. denied,* —— U.S. ——, 101 S.Ct. 358, 66 L.Ed.2d 217 (1980).

In *Williams v. Kelley,* 624 F.2d 695 (5th Cir. 1980), we held that police officers' actions, including the application of a chokehold to plaintiff's decedent resulting in his death, did not constitute the sort of abuse of government power that is cognizable under § 1983. Their actions were a reasonable attempt to get decedent under control, and were made to protect the officers' own and decedent's safety. Spontaneous reaction was necessary; a chokehold had never before caused death or serious injury. The actions were a good faith effort to maintain or restore discipline.

On the other hand, in *Suthoff v. Yazoo County Industrial Development Corp.,* 637 F.2d 337 (5th Cir. 1981), we held that a conspiracy to misuse a municipality's expropriation powers, by the institution of condemnation proceedings in order to coerce plaintiff-landowners into selling their property at below-value prices to entities which did not possess the power of eminent domain, did constitute the allegation of a tort rising to the level of an abuse of governmental power. Thus, the allegation was sufficient to raise an ordinary tort by a government agent to the stature of a violation of the Constitution. Similarly, in *Shil-*

---

1. Appellants also invoke 42 U.S.C. § 1981 (1977) and 28 U.S.C. § 2201 (1978) in their complaint, but do not pursue these theories on appeal. Accordingly, we do not consider them.

2. In addition, appellants assert that their Fifth Amendment right not to have their property taken for public use without just compensation has been violated and that they have been denied equal protection of the laws. However, appellants do not suggest that they have been

denied any viable economic use of their property or that the appellee has been given "a realistic opportunity and reasonable time within which to ... correct the inequity," *Hernandez v. City of Lafayette,* 643 F.2d 1188 at 1200 (5th Cir. 1981), if any. Thus, the argument that there has been a taking is without merit. Appellants' equal protection claim is similarly without merit.

*lingford v. Holmes*, 634 F.2d 263 (5th Cir. 1981), we found a deprivation of constitutional rights cognizable under § 1983. There the defendant police officer struck plaintiff with a nightstick, while plaintiff was holding a camera to his face attempting to photograph an arrest incident, thereby causing destruction of the camera and laceration of plaintiff's forehead. On these facts, we found physical abuse "sufficiently severe, sufficiently disproportionate to the need presented, and so deliberate and unjustified a misuse of the policeman's badge and bludgeon as to transcend the bounds of ordinary tort law and establish a deprivation of constitutional rights" cognizable under § 1983.

The instant facts suggest no abuse of governmental power. This case is controlled by *Williams v. Kelley, supra.* Accordingly, the judgment of the district court dismissing appellant's claim for failure to state a claim is

AFFIRMED.