Thomas A. Hursey and Eleanor Hursey sued the City of Mobile for damages for injury to their property. From a summary judgment for the City, the Hurseys appeal
The rear of the Hurseys' lot adjoins a lot owned by Dr. Louis Naman. Dr. Naman began building a parking lot on his property in 1972; his lot was higher than the Hurseys', and fill dirt and other debris washed into the drainage ditch between the lots and onto the Hurseys' property. This drainage ditch is the subject of the controversy here; the Hurseys sued the City on August 15, 1980, claiming damages in three causes of action:
 (1) the City constructed and thereafter negligently maintained the drainage ditch;
 (2) by refusing to compel Dr. Naman to cease and desist from the unlawful use of his property, the City conspired with Dr. Naman in his continuing unlawful use of his property to the damage of the Hurseys; *Page 398 
 (3) the Hurseys were deprived of a property right and therefore are entitled to damages under 42 U.S.C. § 1983
The trial court granted summary judgment on the basis of a deposition taken from Mr. and Mrs. Hursey and under the authority of Hendrix v. Creel, 292 Ala. 541, 297 So.2d 364
(1974). In Hendrix, this Court affirmed a demurrer sustained against a plaintiff's bill in a similar fact situation. The Hurseys seek to distinguish the case at bar, primarily on the contention that the City constructed the drainage ditch here and therefore had a duty to maintain it. However, Mr. Hursey's deposition testimony indicates that the ditch followed the natural fall of the land and that the developer of the property had dug the ditch. The Hurseys testified that the City had cleared the ditch two times in the 1970's and that the City had a drainage easement on the property. The construction of a ditch by the City pursuant to its easement and maintenance of the existing ditch were discretionary functions; merely because the City exercised its discretion and cleared the ditch two times over a ten-year or longer span of time is not sufficient to impose a duty upon the City to carefully maintain the ditch We agree with the trial court that Hendrix is controlling and that the City owed no duty to maintain the ditch
The second cause of action, the conspiracy claim, fails to allege any combination between the City and Dr. Naman (seeBarber v. Stephenson, 260 Ala. 151, 69 So.2d 251 (1953)); rather, it merely alleges unlawful use of property by an adjoining landowner. Any cause of action which the Hurseys may have under the stated set of facts would be against Dr. Naman
The third claim based on 42 U.S.C. § 1983 is similarly without merit. The Fifth Circuit Court of Appeals recently held that a city's negligent maintenance of its sewers and drains does not give rise to a cause of action under § 1983. York vCity of Cedartown, 648 F.2d 231 (5th Cir. 1981). With the City having no duty to maintain the ditch in this case, we find the lack of a cause of action under § 1983 even more apparent here than it was in York.
For the foregoing reasons, the trial court is due to be affirmed
AFFIRMED
TORBERT, C.J., and ALMON, EMBRY and ADAMS, JJ., concur