This appeal involves an action by W.V. Morton and other employees of Alabama Power Company (plaintiffs), as a class, for invasion of privacy allegedly committed by the defendant, International Brotherhood of Electrical Workers (IBEW). It presents the question of whether the jurisdiction of the trial court over this matter is preempted by federal law. On an earlier appeal of this case, this court did not reach that question.[1] On this appeal, IBEW again contends that the trial court lacks jurisdiction over plaintiffs' action. The trial court had disagreed with IBEW's contention, and it entertained jurisdiction. It granted plaintiffs' motion for separate trials under Rule 42 (b), A.R.C.P., to first determine the issue of liability common to all members of the class, and then to determine the issue of damages suffered by the various class members. On June 8, 1981, the trial court held a hearing without a jury on the issue of liability. Thereafter, it rendered an interim decree in which it found liability and ordered a special master appointed pursuant to Rule 53 (b), A.R.C.P., to hear the issue of damages. From that order, IBEW appealed under Rule 5 (a), Alabama Rules of Appellate Procedure.
The dispositive issue on this appeal is: Does federal law preempt a state court from exercising jurisdiction over a cause of action by plaintiff employees, who allege invasion of their right to privacy due to a union's dissemination of their salary information, when such dissemination arises out of the organizing activities of the union? We hold that it does, and we, therefore, reverse.
The pertinent facts are as follows. IBEW, an international labor organization, began a campaign in 1977 to organize a state-wide bargaining unit for clerical and technical employees of Alabama Power Company. During the course of that campaign, it published and distributed handbills containing salary information about Alabama Power Company employees. Plaintiff Morton is an employee whose salary was disclosed by IBEW's handbills. On March 27, 1978, suing individually, and on behalf of other similarly affected Alabama Power Company employees, she filed a class action suit against IBEW. Subsequent to remand after the first appeal, plaintiff's action was consolidated with another class action, seeking similar relief, brought by Bobby W. Hosea. Plaintiffs sought an injunction to prohibit further dissemination of their salary information, and awards of compensatory and punitive damages.
Plaintiffs allege that their right of privacy was violated by IBEW's distribution of their salary information, which, they maintain, is confidential. They insist that the circuit court properly entertained jurisdiction over this case. We cannot agree. The United States Supreme Court observed:
 When it is clear or may fairly be assumed that the activities which a State purports to regulate are protected by § 7 of the National Labor Relations Act, or constitute an unfair labor practice under § 8, due regard for the federal enactment requires that state jurisdiction must yield. To leave the States free to regulate conduct so plainly within the central aim of federal regulation involves too great a danger of conflict between power asserted by Congress and requirements imposed by state law. Nor has it mattered whether the States have acted through laws of broad general application rather than laws specifically directed towards the governance of industrial relations. Regardless of the mode adopted, *Page 17 
to allow the States to control conduct which is the subject of national regulation would create potential frustration of national purposes.
San Diego Building Trades Council v. Garmon, 359 U.S. 236 at 244, 79 S.Ct. 773 at 779, 3 L.Ed.2d 775 at 782-3 (1959) (footnote omitted). Included within the scope of protected activities are a union's organizational activities. Linn v.United Plant Guard Workers of America, Local 114, 383 U.S. 53,86 S.Ct. 657, 15 L.Ed.2d 582 (1966).
Certain exceptions, however, exist to the preemption rule.
 We have refused to apply the pre-emption doctrine to activity that otherwise would fall within the scope of Garmon if that activity "was a merely peripheral concern of the Labor Management Relations Act . . . [or] touched interests so deeply rooted in local feeling and responsibility that, in the absence of compelling congressional direction, we could not infer that Congress had deprived the States of the power to act." Id. [359 U.S.], at 243-244, 79 S.Ct. at 779. See, e.g., Linn v. Plant Guard Workers, 383 U.S. 53, 86 S.Ct. 657, 15 L.Ed.2d 582 (1966) (malicious libel); Automobile Workers v. Russell, 356 U.S. 634, 78 S.Ct. 932, 2 L.Ed.2d 1030 (1958) (mass picketing and threats of violence); Machinists v. Gonzales, 356 U.S. 617, 78 S.Ct. 923, 2 L.Ed.2d 1018
(1958) (wrongful expulsion from union membership). We also have refused to apply the pre-emption doctrine "where the particular rule of law sought to be invoked before another tribunal is so structured and administered that, in virtually all instances, it is safe to presume that judicial supervision will not disserve the interests promoted by the federal labor statutes." Motor Coach Employees v. Lockridge, supra
[403 U.S. 274], at 297-298, 91 S.Ct. [1909], at 1923 [29 L.Ed.2d 473]. See Vaca v. Sipes, [386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842] supra (duty of fair representation cases).
Farmer v. United Brotherhood of Carpenters and Joiners ofAmerica, Local 25, 430 U.S. 290 at 296-7, 97 S.Ct. 1056 at 1061-2, 51 L.Ed.2d 338 at 347-8 (1977) (footnote omitted).
We are unaware of an exception to the preemption rule for a cause of action founded on the theory of invasion of privacy based on facts arising out of a union's attempt to organize. Plaintiffs have called no precedent to our attention either creating such an exception or supporting an inference that it exists. Indeed, the Farmer court went on to state, "[I]t is well settled that the general applicability of a state cause of action is not sufficient to exempt it from pre-emption."Farmer, 430 U.S. at 300, 97 S.Ct. at 1063, 51 L.Ed.2d at 350. Under the current state of federal law, the absence of a specifically recognized exception to the preemption rule for an action alleging invasion of privacy leads us to conclude that plaintiffs' action is due to be dismissed.
The judgment of the trial court is reversed, with directions to the trial court to grant IBEW's motion pursuant to Rule 41 (b), A.R.C.P., for involuntary dismissal.
REVERSED AND REMANDED WITH DIRECTIONS.
TORBERT, C.J., and FAULKNER, ALMON and EMBRY, JJ., concur.
[1] In International Brotherhood of Electrical Workers v. Morton,365 So.2d 662 (Ala. 1978), IBEW appealed from a preliminary injunction which had been granted against it. This court reversed and remanded due to the trial court's failure to comply with Rule 65 (d)(2), Alabama Rules of Civil Procedure, in granting the preliminary injunction. That result pretermitted resolution of the preemption issue.