**Barbara RITTENHOUSE**

v.

**DeKALB COUNTY; City of Chamblee; C.L. Stewart, Individually and in his Capacity as Director of the DeKalb County Water and Sewer Department; and Karen Bullard.**

**No. C82–1860A.**

United States District Court, N.D. Georgia, Atlanta Division.

Dec. 9, 1983.

Charles B. Tanksley, P.C., Johnson, Ward, Stanfield, Lanham & Carr, Atlanta, Ga., for plaintiff.

Thomas D. Harper, Powell, Goldstein, Frazer & Murphy, Fred W. Ajax, Jr., Harvey S. Gray, Smith, Cohen, Ringel, Kohler & Martin, Atlanta, Ga., George P. Dillard, Stephen A. Friedman, Dillard & Wolfe, P.C., Decatur, Ga., D.W. Rolader, Roswell, Ga., J. Loren Fowler, Atlanta, Ga., for defendants.

## ORDER

RICHARD C. FREEMAN, District Judge.

In an order of August 12, 1983, this court directed the parties to submit briefs on the question of whether the plaintiff's complaint and defendant Bullard's cross-claims present actionable claims under 42 U.S.C. § 1983. The court deferred consideration of the motion for summary judgment by defendants DeKalb County (DeKalb) and C.L. Stewart until it determined whether a section 1983 claim is presented by these parties. The court also expressed concern about the basis for its jurisdiction over defendant Bullard. In response, defendant Bullard has moved for a dismissal of the action against her and for realignment as a plaintiff in this action.

Plaintiff and defendant Bullard seek to hold DeKalb, Stewart, and the City of Chamblee liable in a section 1983 action for personal injury, general property damage, and loss of life which occurred as a result of an automobile accident involving Rittenhouse and Bullard in December 1981. Plaintiff and defendant Bullard argue that DeKalb, Stewart, and Chamblee are liable because they allowed water which leaked from a residential water meter to accumulate and freeze on the road, thereby causing Bullard to lose control of her automobile, which collided with the plaintiff's automobile.

Defendants DeKalb and Stewart argue that the only issue in this case is whether the discretionary decision of a repair crew, in an emergency situation, to answer a call to repair a broken water main instead of repairing a leaking water meter, resulted in the deprivation of rights protected by the Fourteenth Amendment and thus gives rise to a section 1983 claim. They contend that this action by the county and its employees does not present a claim of constitutional magnitude and is not cognizable under section 1983.

Plaintiff Rittenhouse, defendant Chamblee, and defendant Bullard oppose the motion for summary judgment. They contend that the actions of DeKalb and Stewart are sufficient to be considered constitutional deprivations under section 1983. They maintain that section 1983 affords a civil remedy for the deprivation of federally protected rights by defendants DeKalb and Stewart without any express requirement of a particular state of mind. They also argue that because Georgia law provides sovereign immunity for counties, no state forum is available to redress the losses suffered by Rittenhouse and Bullard. This result, they assert, mandates recognition by this court of the parties' claims in a section 1983 action.

The court finds that the allegations of tortious conduct against DeKalb and Stewart do not rise to constitutional proportions and are thus not cognizable in a section 1983 action. The case law indicates that the claimants must establish that the conduct of the local government complained of constitutes an abuse of power as a prerequisite to maintaining such an action. *See e.g. York v. City of Cedartown*, 648 F.2d 231 (5th Cir.1981) (Unit B); *Hull v. City of Duncanville*, 678 F.2d 582 (5th Cir.1981); *Williams v. Kelley* 624 F.2d 695 (5th Cir. 1980). A section 1983 action does not arise "merely because tortious injury results from action or inaction by state officers or employees." *Hull*, 678 F.2d at 584. Assuming, as the plaintiff alleges, that DeKalb and Stewart were negligent in failing to repair the leaking water meter, the court finds they acted in good faith, and given the facts of this case, their action does not constitute "an abuse of governmental power sufficient to raise an ordinary tort by a government agent to the stature of a violation of the Constitution." *Williams*, 624 F.2d at 697; *see also Daniels v. Twin Oaks Nursing Home*, 692 F.2d 1321, 1331–32 (11th Cir.1982) (Hoffman, J., concurring specially); *York*, 648 F.2d 231 (5th Cir. 1981); *Cf. Jackson v. City of Joliet*, 715 F.2d 1200 (7th Cir.1983).

The court will not expand the range of section 1983 actions to permit suits based on the type of negligence claims alleged in this case. *See Parratt v. Taylor*, 451 U.S. 527, 544, 101 S.Ct. 1908, 1917, 68 L.Ed.2d

420 (1981). DeKalb and Stewart will be granted summary judgment on the section 1983 claims asserted against them. All remaining section 1983 claims will be dismissed.

The only other claims raised in the pleadings are based on state law. The court on its own motion raises the question of whether it has subject matter jurisdiction over these claims. Rule 12(h)(3), Fed.R. Civ.P.; *see Sumner v. Mata*, 455 U.S. 591, 102 S.Ct. 1303, 71 L.Ed.2d 480 (1982). It appears from the pleadings that this court may hear the state law claims only through the exercise of pendent jurisdiction. The pleadings also indicate that an action presenting the same issues sought to be litigated in this court has been filed in state court. The court declines in its discretion to exercise pendent jurisdiction over the parties' state law claims, and will, on its own motion, dismiss the state law claims.

Defendant Bullard has moved for dismissal of all claims against her and for realignment as a plaintiff in this action. Because the ruling above will terminate this action in its entirety, Bullard's motions are moot.

Plaintiff has moved for leave to amend her complaint by adding four additional employees of DeKalb County as defendants in this action. Under the above analysis the proposed amended complaint would still fail to state a cause of action under section 1983. The motion for leave to amend the complaint will be denied.

Accordingly, the motion of DeKalb and Stewart for summary judgment on the section 1983 claims is GRANTED. All other section 1983 claims are DISMISSED. Plaintiff's motion for leave to amend the complaint is DENIED. All state law claims are DISMISSED on the motion of the court.