PER CURIAM.
The Plaintiffs (the Jefferson County Board of Health and the City of Midfield) filed a complaint for injunction on May 10, 1979, against Dargan G. Suther. The allegations were that Suther was using his property in Midfield for the purpose of storing trash and garbage to the extent that a public health hazard was created in violation of certain ordinances and statutes. Additionally, Plaintiffs alleged that Suther had created a public nuisance.
After proper notice, a hearing on the issue of entering a permanent injunction was held on June 27, 1979. An injunction, to go into effect on July 20, 1979, was entered on July 16, 1979. The injunction, in detail, ordered Suther to clean up his property and keep it clean. We interpret the injunction of July 16, 1979, as a permanent injunction settling the rights of the parties after a determination of the issues raised. See 43A C.J.S. Injunctions § 246(a), p. 546 (1978). This interpretation is crucial, because we hold that the injunction of July 16, 1979, was a final judgment, and appealable as such. Suther argues that the injunction of July 16,1979, is invalid for lack of specificity, and he cites Rule 65(d)(2), A.R.Civ.P., and International Brotherhood of Electrical Workers v. Morton, 365 So.2d 662 (Ala.1978). We find that the injunction does give adequate reasons for its issuance and does reasonably describe the acts to be restrained.
Numerous motions and hearings during thé four-year period from 1979 to 1983 place this case in a peculiar and confusing procedural posture. The judge stayed the injunction several times, and an order of May 1, 1980, declared the injunction was to go into effect immediately. Therefore, even if we had not found the injunction to have been final and appeala-ble as of July 16, 1979, final judgment would have been entered, at the latest, on May 1, 1980. Although an order of May 4, 1982 (later rescinded), the subject of the cross-appeal by the Plaintiffs, was argu *771 ably a modification, all the other proceedings from 1979 to 1983 related to contempt proceedings seeking to enforce the permanent injunction of July 16, 1979.
The finality of the injunction of July 16, 1979, was not affected by the later proceedings. “[T]he court which has rendered a final decree in the form of a permanent or perpetual injunction in respect to future activities may open and modify it where the circumstances and situation of the parties are shown to have so changed as to make it just and equitable to do so.” Ex parte Myers, 246 Ala. 460, 463, 21 So.2d 113, 115 (1945). See, also, Ross v. Luton, 456 So.2d 249 (Ala.1984). “[T]he availability of modification is not a substitute for a direct appeal from a judgment.” 11 Wright and Miller, Federal Practice and Procedure § 2961, p. 601 (1973).
In 1983, the parties, who no doubt felt bogged down in a procedural morass, asked the judge for some direction or explanation. On June 9, 1983, the judge referred to an agreement of the parties and entered an order which stated, “the court’s entry of a permanent injunction, on July 19 [corrected later to “16”], 1979, and all orders entered subsequent thereto, shall not be considered final orders until the date of this order.” We hold this order to be ineffective. Parties cannot stipulate to extend the time in which to appeal. Stewart v. Younger, 375 So.2d 428 (Ala.1979). Also, changing the dates of an otherwise enforceable final judgment in order to facilitate an appeal is not a type of relief from judgment allowed by Rule 60, A.R.Civ.P.
The appeal, therefore, is dismissed for failure to appeal within 42 days of the entering of the permanent injunction of July 16, 1979, or its effective date of May 1, 1980 (even if that later date could be taken as the date of finality). Because the June 9, 1983, order was a nullity, it will not support an appeal. Underwood v. State, 439 So.2d 125, 128 (Ala.1983). The cross-appeal is also dismissed as untimely. It complains of an order of January 31, 1983, withdrawing an order of May 4, 1982.
Suther seeks review of a contempt order by the proper procedure of certiorari. The petition for writ of certiorari was granted and consolidated with the appeal and cross-appeal. We affirm the contempt order; the record fully supports the trial judge’s ruling. For the limited scope of review of contempt orders, see 4B Ala.Dig. Contempt Key No. 67 (1981).
Finally, Suther raises as error the refusal of the trial judge to grant his motion of January 6, 1983, for appointment of a guardian ad litem. Even assuming it is reviewable as relating to the contempt order, we cannot say that the trial judge’s ruling was clearly erroneous. The trial judge had the opportunity to personally observe Suther at the hearing on this and other motions. Additionally, we note that Suther was, and is, represented by counsel.
APPEAL AND CROSS-APPEAL DISMISSED; CONTEMPT ORDER AFFIRMED.
TORBERT, C.J., and MADDOX, JONES, SHORES and BEATTY, JJ., concur.