WRIGHT, Retired Appellate Judge.
Shirley M. Garrett sued the City of Ves-tavia Hills, alleging claims of continuing nuisance, wantonness, trespass, and inverse condemnation. Garrett requested compensatory damages, a temporary restraining order, a preliminary injunction, and a permanent injunction. The action arose out of the maintenance of a storm drain/sewer that became clogged or damaged, causing sinkholes on Garrett’s property. Vestavia answered, asserting various affirmative defenses.
Following a hearing on Garrett’s request for a preliminary injunction, the trial court denied the preliminary injunction, finding that Vestavia had no duty to maintain the storm drain. Thereafter, Vestavia filed a motion for a summary judgment, which contained a notice of a hearing date, set for six days from the service date of the motion. Following a hearing, the trial court entered a summary judgment in favor of Vestavia. Garrett filed a motion to set aside the summary judgment, asserting that Vestavia failed to comply with the ten-day notice provision of Rule 56(c)(2), Ala. R. Civ. P. Garrett’s post-judgment motion was denied by operation of law, Rule 59.1, Ala. R. Civ. P.
Garrett appeals, contending that the trial court erred in entering a summary judgment in Vestavia’s favor, because she was not served with the summary judgment motion ten days before the date set for the hearing, and in finding that Vestavia did not have a duty to maintain the storm drain. This case is before this court pursuant to § 12-2-7(6), Ala.Code 1975.
A motion for a summary judgment may be granted when no genuine issue of a material fact exists and the moving party is entitled to a judgment as a *48 matter of law. Hand v. Greensprings Storage, 678 So.2d 1187 (Ala.Civ.App.1996). If the moving party makes a prima facie showing that no genuine issue of a material fact exists and that it is entitled to a judgment as a matter of law, the burden shifts to the nonmovant to present substantial evidence demonstrating the existence of a genuine issue of a material fact. Id.
Garrett argues that she did not consent to a hearing on Vestavia’s motion with less than ten days’ notice and that, therefore, the trial court erred in entering a summary judgment in Vestavia’s favor.
Prior to August 1, 1992, Rule 56(c), Ala. R. Civ. P., provided, in pertinent part, as follows:
“The motion shall be served at least 10 days before the time fixed for the hearing. The adverse party prior to the day of the hearing may serve opposing affidavits.”
The August 1, 1992, amendment to Rule 56(c) divided the section into three subsections, Rule 56(c)(1), (2), and (3). Rule 56(c)(2), Ala. R. Civ. P., as amended, provides, in pertinent part:
“The motion for summary judgment with all supporting materials, including any briefs, shall be served at least ten (10) days before the time fixed for the hearing, except that a court may conduct a hearing on less than ten (10) days’ notice with the consent of the parties concerned.”
(Emphasis added.) The appellate courts of Alabama have not specifically interpreted the language of Rule 56(c)(2) since its passage.
Before August 1, 1992, Rule 56(c) required only that a motion for a summary judgment be served at least ten days before the time set for the hearing on the motion. In interpreting Rule 56(c), our supreme court held that once a party showed noncompliance with the ten-day notice requirement, the party had to show that the denial of the full ten-day period worked to his or her prejudice. Hilliard v. SouthTrust Bank of Alabama, N.A., 581 So.2d 826 (Ala.1991). Rule 56(c)(2) contains the 10-day notice requirement but also includes the language that “a court may conduct a hearing on less than ten (10) days’ notice with the consent of the parties concerned.” The Committee Comments to the August 1, 1992, amendments to Rule 56(c) and (f) state, in pertinent part, as follows:
“The August 1, 1992, amendments to Rule 56(c) and (f) are intended to provide a statewide procedure for submitting summary judgment motions and materials in support thereof and materials in opposition thereto. Many local rules throughout the state provided a variety of procedures for submitting and disposing of summary judgment motions. The committee felt that a uniform procedure should be incorporated in the rule so as to simplify practice in this area. It should be remembered that a trial judge, pursuant to Rule 6(b)(‘Time’; ‘Enlargement’), may enlarge the periods set out in Rule 56(c)(2).”
Rule 56(c)(2) contains the word “shall.” Our supreme court has consistently held that the word “shall” is mandatory when used in a rule which it promulgated. Waites v. University of Alabama Health Services Foundation, 688 So.2d 838 (Ala.1994); Ex parte Head, 572 So.2d 1276 (Ala.1990); Jefferson County Comm’n v. Fraternal Order of Police, Lodge # 64, 543 So.2d 198 (Ala.1989); Chunchula Energy Corp. v. Ciba-Geigy Corp., 503 So.2d 1211 (Ala.1987); Tapscott v. Fowler, 437 So.2d 1280 (Ala.1983); Anders v. Fowler, 423 So.2d 838 (Ala.1982); Int’l Brotherhood of Electrical Workers v. Morton, 365 So.2d 662 (Ala.1978).
We hold that the word “shall” in Rule 56(c)(2) mandates service of a motion for a summary judgment at a minimum of ten full days, not including the date of service, before the hearing, unless the par *49 ties consent to less than ten days’ notice. Id.; Hilliard, supra.
In this case, Vestavia served its motion six days before the hearing. Garrett’s attorney did not attend the hearing on the summary judgment motion. We do not consider the failure of Garrett’s attorney to attend the hearing as tantamount to consent to the hearing with less than ten days’ notice. However, it would not be appropriate for this court to set aside a summary judgment where the nonmoving party had notice of the hearing, although with less than ten days’ notice under Rule 56(c)(2), but made no objection to the trial court’s holding the hearing on less than ten days’ notice. Accordingly, we conclude that Garrett’s failure to object to the date of the hearing was tantamount to consent. Committee Comments to the August 1, 1992, amendments to Rule 56(c); Hilliard, supra.
Garrett argues that the trial court erred in finding that Vestavia did not have a duty to maintain the storm drain and/or drainage ditch.
“In general a municipality has no duty ‘to provide and maintain proper drainage of surface water from a resident’s property to prevent flooding and damage to the property.’ ” Kennedy v. City of Montgomery, 423 So.2d 187, 188 (Ala.1982) (quoting Hendrix v. Creel, 292 Ala. 541, 545, 297 So.2d 364 (1974)). Once a municipality undertakes to construct or maintain a drainage system, a duty of care exists, and the municipality may be liable for damages proximately caused as the result of negligence in the construction or maintenance of the drainage system. Lott v. City of Daphne, 539 So.2d 241 (Ala.1989); Kennedy, supra.
The record reveals that the subdivision in which Garrett’s house is located was developed in 1967. The final plat of the subdivision shows a 20-foot easement traversing lots 20 and 21 and a small portion of lots 19 and 22. The subdivision builder, or developer, buried a drainage pipe in the 20-foot easement to catch runoff from the undeveloped parcels above and behind lots 20 and 21. It is undisputed that Vestavia has never cleaned, repaired, or maintained the water pipe. The record is devoid of any evidence that the easement was dedicated to, and accepted by, Vestavia.
Accordingly, we conclude that the trial court correctly determined that Vestavia has no duty to maintain the drainage ditch.
The judgment of the trial court is due to be affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. Charles Wright while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Ala.Code 1975.
AFFIRMED.
All the judges concur.