[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-13593
Non-Argument Calendar

_____

D.C. Docket No. 2:18-cv-01693-RDP

MATTHEW T. WINTHER,
TRACEY WINTHER,

Plaintiffs-Appellants,

versus

U.S. STEEL CORPORATION,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(April 20, 2021)

Before JORDAN, ROSENBAUM, and GRANT, Circuit Judges.

PER CURIAM:

Matthew and Tracey Winther are property owners in Alabama. Their property is in a ravine, at the bottom of which runs the Hurricane Branch, a waterway prone to flooding. Adjacent to their property at the top of the ravine sits "the Preserve," a 325-acre mixed use development owned and developed by U.S. Steel Corporation ("US Steel"). Stormwater runoff from the Preserve drains to Hurricane Branch. The Winthers claim that US Steel's development of the Preserve has resulted in substantially increased stormwater runoff from the Preserve onto their property, causing erosion and other damage.

In 2017, the Winthers sued US Steel in Alabama state court seeking damages and injunctive relief. They later filed an amended complaint raising four causes of action: (1) Common Law Water Claim; (2) Trespass; (3) Nuisance; and (4) Negligence/Wantonness. All four claims were based on US Steel's alleged diversion of stormwater runoff onto their property. US Steel removed the action to federal district court based on diversity jurisdiction, *see* 28 U.S.C. § 1332, and then filed a motion for summary judgment.

The district court granted summary judgment to US Steel based on Alabama's "common enemy doctrine." The court explained that, in Alabama, surface water within a municipality is regarded as a "common enemy," and under the common enemy doctrine, "[e]ach land owner has an unqualified right to divert the surface waters without incurring legal consequences while other landowners possess the

2

duty and right to protect themselves from the effects of the diversion." Doc. 35 at 11 (quoting *Bailey v. Floyd*, 416 So. 2d 404, 404 (Ala. 1982)). While the court noted that Alabama courts have recognized an exception to this doctrine where an upper, or higher elevated, landowner "channels" surface water onto a lower landowner's property, the court reasoned that the Winthers failed to specifically plead such a "channelization claim" in their amended complaint. And because all of the properly pled claims were "based on Defendant's alleged diversion of water onto the Winthers' property," the court found that they were all barred by the common enemy doctrine "[b]ecause Defendant was entitled to divert surface waters without incurring legal consequences."

The Winthers now appeal, arguing, among other things, that the district court erred in concluding that they failed to plead a claim for channelization, which they contend was included within their common-law water claim.

We review the grant of a motion for summary judgment *de novo*. *Miss. Valley Title Ins. Co. v. Thompson*, 802 F.3d 1248, 1252 (11th Cir. 2015). Summary judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

"Alabama substantive law applies to this diversity action." *Bank of Brewton v. Travelers Cos., Inc.*, 777 F.3d 1339, 1342 (11th Cir. 2015). In addressing matters of Alabama law, our "task is to divine what an Alabama court would likely hold if

3

presented with this case," so we "look first to whether Alabama courts have spoken on the issue." *Id.*

The Supreme Court of Alabama addressed a similar situation in *Johnson v. Washington*, 474 So. 2d 651 (Ala. 1985). In that case, a defendant appealed an adverse verdict in a suit for "trespass and nuisance" based on water runoff, arguing that "the evidence did not justify sending the case to the jury on the theory of an upper proprietor channeling surface water onto a lower proprietor's land." *Id.* at 652. In rejecting this argument, the Court stated,

> Although it was not specifically set forth in the Washingtons' complaint, the trial judge properly charged on, and allowed the jury to consider, the issue of the common law right of a lower property owner not to be injured by the interference of an upper property owner with the natural drainage of water onto the lower property. *Sargent v. Lambert Construction Co.*, 378 So. 2d 1153, 1155 (Ala. Civ. App. 1979).

The Court went on to explain that the common law rule, applicable in municipalities, "provides that surface water is the 'common enemy' and every landowner has the right to take any necessary measures to protect his own property, regardless of the consequences to his neighbor." *Id.* at 653. But this rule was "significantly modified" by a 1950 court decision, and so now liability may lie when "an upper proprietor . . . channels surface water onto the property of a lower proprietor, when it otherwise would have been scattered and diffused, and by so doing causes damage to the lower proprietor." *Id.* Based on the evidence presented at trial in *Johnson*, the Court

4

concluded that "the trial court was justified in submitting the channelization issue to the jury for their factual determination." *Id.*

In granting summary judgment, the district court recognized that *Johnson* permitted a "channelization claim" to go forward even though it was "not specifically set forth" in the complaint. But the court reasoned that the decisions in *Johnson* and *Sargent*—which likewise permitted a similar claim to go forward despite not being specifically pled in the complaint, *see* 378 So. 2d at 1155—were based on the rules of Alabama civil procedure, which contained more liberal pleading standards than the corresponding federal rules. And under the federal rules, the court stated, new claims could not be raised at summary judgment even if evidence supported them.

Even assuming this analysis is correct as far as it goes, though, it is incomplete. The critical question is whether the Winthers actually raised a "new" claim at summary judgment. In our view, they did not.

All that is required under the federal pleading rules is "a short and plain statement of the claim," Fed. R. Civ. P. (a), which "give[s] the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests," *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (cleaned up). "[T]he federal notice pleading standard only requires allegations as to every material point necessary to sustain a claim on any legal theory, even if it is not the precise theory advanced by the

5

plaintiff."  *Ray v. Comm'r, Ala. Dep't of Corr.*, 915 F.3d 689, 697 n.3 (11th Cir. 2019).  So the amended complaint need not have identified the "precise theory" under which the Winthers intended to prevail on their common-law water claim.

But even if greater precision were required, it is abundantly clear from the Winthers' amended complaint that they intended to proceed against US Steel based on the modified common-law rule permitting liability in cases of channeling.  They not only described Count One as a "Common Law Water Claim,"[1] as opposed to simply trespass or nuisance as was the case in *Johnson* and *Sargent*, *see Fisher v. Space of Pensacola, Inc.*, 483 So. 2d 392, 393 (1986) (stating that "a common-law 'channeling' action is a separate cause of action and is not dependent on proof of trespass or negligence"), but also identified the claim as based on "the common-law right of a lower property owner not to be injured by the interference of an upper property owner with the natural drainage of water onto the lower property."  That language is lifted verbatim from *Johnson*'s description of the channeling theory of liability.  *See Johnson*, 474 So. 2d at 652–53.  So in alleging that "Defendants have unlawfully interfered with the natural drainage of water from The Preserve onto the

---

[1] US Steel essentially suggests that we should look no further than the title of Count One, which does not contain the word "channeling."  But such an elevation of form over substance is inconsistent with federal pleading standards.  *See Ray* 915 F.3d at 697 n.3; Fed. R. Civ. P. 8(d), (e) (stating that "[n]o technical form is required" and "[p]leadings must be construed so as to do justice").  Never mind that channeling is a type of common-law water claim.  *See Johnson*, 474 So. 2d at 653; *Street v. Tackett*, 494 So. 2d 13, 14 (Ala. 1986).

Winther Property resulting in damage to the Winthers," Count One plainly invoked the channeling theory as described in *Johnson*.

That construction is further reinforced when we look to the amended complaint as a whole and its repeated references to "channeling." In the section of the complaint detailing the underlying factual allegations, the Winthers alleged that, in developing the Preserve, US Steel had "diverted the natural path of storm water from the subdivision, and channelized and concentrated the flow of the storm water, onto the Winther Property." Through this "concentration, channelization, redirection and intensification of the flow of water from The Preserve," the complaint asserted, US Steel caused "unnatural flooding, erosion and silting on the Winther Property." In addition, according to the complaint, US Steel negligently designed a storm drain outlet that "channels storm water runoff collected in The Preserve's storm water drainage system and dumps it directly on the Winther Property at a rate and volume higher than it was prior to [US Steel's] development of The Preserve."

The wording of Count One combined with the amended complaint's supporting factual allegations were more than sufficient to give US steel "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93. The amended complaint clearly, if not expressly, raised a common-law water claim based on the channelization theory, which is not barred by the common

enemy doctrine. *See Johnson*, 474 So. 2d at 653. The district court erred in concluding otherwise.

Because that error led the district court to grant summary judgment on all the Winthers' claims, we vacate the grant of summary judgment and remand for further proceedings consistent with this opinion. We decline to address US Steel's other asserted grounds for affirmance of the judgment, preferring that the district court address them in the first instance.

**VACATED AND REMANDED.**